MIDDLESEX INSURANCE COMPANY *v.*
ANTHONY CASTELLANO
(14602)

PETERS, C. J., BORDEN, KATZ, F. X. HENNESSY and MENT, Js.

Argued January 5—decision released March 31, 1993

*Roger J. Frechette,* with whom was *Matthew E. Frechette,* for the appellant (defendant).

*Frederick M. Vollono,* for the appellee (plaintiff).

KATZ, J. The defendant, Anthony Castellano, appeals from the trial court's judgment in favor of the plaintiff, Middlesex Insurance Company, that vacated an arbitration award of $330,000 rendered in favor of the defendant. The defendant claims that the trial court improperly: (1) denied the defendant's motion to dismiss the plaintiff's motion to vacate the arbitration award; and (2) granted the plaintiff's application to vacate the award. We affirm the judgment of the trial court.

The following relevant facts are undisputed. On June 18, 1985, the defendant sustained injuries when a motorcycle on which he was a passenger was involved in a hit and run collision with a car. At the time of the accident, the defendant resided with his parents and sister and owned a motor vehicle, which he had insured

with Liberty Mutual Insurance Company. After exhausting the uninsured motorist coverage on his automobile liability policy, the defendant sought uninsured motorist benefits from the automobile liability policies issued by the plaintiff to the defendant's father and sister. The defendant's father's policy provided $300,000 of uninsured motorist coverage on each of the two motor vehicles the father owned. The defendant's sister's policy provided $50,000 of uninsured motorist coverage on the one motor vehicle that she owned. The defendant was not a named insured under either his father's or his sister's policy, nor was he occupying a vehicle insured under these policies at the time of the accident.

The plaintiff denied coverage on the basis that the defendant owned an automobile that was not itself insured by the plaintiff and therefore was not a covered person under the policies.[1] Pursuant to the terms of the policies, the defendant applied for an order to proceed with arbitration. On September 4, 1991, the arbitrators found that the defendant was a covered person within the provisions of his father's and sister's policies, and awarded the defendant $330,000 of uninsured motorist benefits.

On September 13, 1991, the plaintiff moved the trial court to vacate the arbitration award on the ground that the defendant was not a covered person under the terms of his father's and sister's policies because he owned an automobile. A show cause order was issued by the trial court in conjunction with the motion, and a hearing date was set for October 25, 1991. The show cause order stated that notice was to be served upon the defendant in the manner prescribed by law at least

---

[1] The policies issued by the plaintiff to the defendant's father and sister provide in pertinent part: "You, your, yourself means the person named on the declarations page and the person's husband or wife if a resident of the same household.

"You, your, yourself also means a member of the family who is a resident of the household and *who doesn't own a car* or whose spouse doesn't own a car." (Emphasis added.)

twelve days prior to the hearing date. The defendant was never served. On October 25, 1991, the plaintiff filed another motion to vacate, requested another hearing date, and a new show cause order was issued. The trial court set a new hearing date for November 25, 1991, and again stated that notice of the hearing was to be served upon the defendant in the manner prescribed by law at least twelve days prior to the hearing date. This second motion to vacate was filed under the same docket number as the first. The defendant received notice on November 12, 1991, more than twelve days prior to the hearing.

On November 25, 1991, the defendant moved the trial court to dismiss both the September 13, 1991 motion to vacate and the October 25, 1991 motion to vacate on the grounds that the trial court lacked personal jurisdiction over the defendant and subject matter jurisdiction over the proceeding. On December 13, 1991, the trial court denied the defendant's motion to dismiss concluding that there were no jurisdictional defects that would preclude it from reaching the merits of the plaintiff's motion to vacate. In its memorandum of decision, the trial court stated that the plaintiff had filed its motion to vacate within the thirty day time limit set forth by General Statutes § 52-420 (b),[2] and that notice had been given within a reasonable period of time.[3]

---

[2] General Statutes § 52-420 provides: "(a) Any application under section 52-417, 52-418 or 52-419 shall be heard in the manner provided by law for hearing written motions at a short calendar session, or otherwise as the court or judge may direct, in order to dispose of the case with the least possible delay.

"(b) No motion to vacate, modify or correct an award may be made after thirty days from the notice of the award to the party to the arbitration who makes the motion.

"(c) For the purpose of a motion to vacate, modify or correct an award, such an order staying any proceedings of the adverse party to enforce the award shall be made as may be deemed necessary. Upon the granting of an order confirming, modifying or correcting an award, a judgment or decree shall be entered in conformity therewith by the court or judge granting the order."

[3] The defendant also filed a motion to strike the docket number of the October 25, 1991 motion to vacate, upon which the trial court never acted.

On February 13, 1992, the trial court granted the plaintiff's motion to vacate, concluding that the defendant was not a "covered person" under the terms of the policies issued by the plaintiff. The court further found that the definitional portion of the policy that limited coverage to resident relatives who do not own a car did not violate the public policy of Connecticut's uninsured motorist laws. The defendant appealed to the Appellate Court from the judgment of the trial court vacating the arbitration award and denying his motions to dismiss. We subsequently transferred the appeal to this court pursuant to Practice Book § 4023 and General Statutes § 51-199 (c), and now affirm the judgment of the trial court.

I

The defendant first claims that the trial court incorrectly concluded that it had subject matter jurisdiction over this matter and personal jurisdiction over the defendant. The defendant argues that although the first motion to vacate was timely filed within thirty days of notice of the arbitration award as required by General Statutes § 52-420 (b), the plaintiff failed to comply with the attached order requiring that notice of the hearing be served on the defendant at least twelve days prior to the hearing date. With respect to the plaintiff's first motion to vacate, the defendant contends, therefore, that the plaintiff's failure to give notice in accordance with the court's order deprived the court of subject matter and personal jurisdiction. With respect to the plaintiff's second motion to vacate, the defendant argues that this was a new motion over which the court did not have subject matter jurisdiction because the motion was not filed within the thirty day time limit as required by § 52-420 (b). The defendant maintains, therefore, that the trial court did not have personal or subject matter jurisdiction to vacate the arbitration award. We are unpersuaded.

A proceeding to vacate an arbitration award is not a civil action, but is rather a special statutory proceeding. *Waterbury* v. *Waterbury Police Union,* 176 Conn. 401, 406, 407 A.2d 1013 (1979); *Boltuch* v. *Rainaud,* 137 Conn. 298, 301, 77 A.2d 94 (1950). As a special statutory proceeding, it is "not controlled by the formal requirements for service of process." *Boltuch* v. *Rainaud, supra.* Section 52-420 (b) requires that a motion to vacate an arbitration award be filed within thirty days of the notice of the award to the moving party. If the motion is not filed within the thirty day time limit, the trial court does not have subject matter jurisdiction over the motion. *Vail* v. *American Way Homes, Inc.,* 181 Conn. 449, 452–53, 435 A.2d 993 (1980). Once the application has been timely filed, Practice Book § 525 requires that "the court or judge to whom the application is made shall cause to be issued a citation directing the adverse party or parties in the arbitration proceeding to appear on a day certain and show cause, if any there be, why the application should not be granted."[4] Neither General Statutes § 52-420 nor Practice Book § 525 establishes any express time limit within which the moving party must serve notice of the motion to vacate and the assigned hearing date upon the nonmoving party. "It is elementary that the [defendant] cannot be bound by the action of the court without reasonable notice and an opportunity to be heard." *Boltuch* v. *Rainaud, supra,* 300; *Hasbrouck* v. *Hasbrouck,* 195 Conn. 558, 560, 489 A.2d 1022 (1985). Thus, in the absence of a specific time limit, the statute and Practice Book section are "satisfied if notice was given within a reasonable time." *Boltuch* v.

---

[4] Practice Book § 525 provides: "In proceedings brought for confirming, vacating or correcting an arbitration award under Gen. Stat., §§ 52-417, 52-418 or 52-419, the court or judge to whom the application is made shall cause to be issued a citation directing the adverse party or parties in the arbitration proceeding to appear on a day certain and show cause, if any there be, why the application should not be granted."

*Rainaud,* supra, 301; *Yale & Towne Mfg. Co.* v. *International Assn. of Machinists,* 15 Conn. Sup. 118, 122–23 (1947); see also note, "Judicial Interpretations and Applications of the Connecticut Arbitration Statutes," 7 Conn. L. Rev. 147, 178–79 (1974).[5]

The plaintiff satisfied the jurisdictional requirement of § 52-420 (b) by filing its application to vacate the arbitration award on September 13, 1991, within the thirty day time period. The trial court, *DeMayo, J.,* satisfied the requirements of Practice Book § 525 by issuing a citation and directing the defendant to appear on October 25, 1991, and to show cause, if any, why the plaintiff's application should not be granted. The court also set forth a twelve day time period within which the defendant had to have been served with notice of the hearing date.

Although the defendant contends that the plaintiff's failure to comply with this time limit deprived the trial court of jurisdiction, the plaintiff's failure to serve the defendant within that time period did not remove the trial court's subject matter jurisdiction over the proceedings. The only jurisdictional requirement in filing a motion to vacate an arbitration award is that it be filed with the trial court within thirty days of the moving party's notice of the arbitration award. Because the plaintiff complied with this requirement, the trial court had subject matter jurisdiction. The only other requirement is that the nonmoving party receive notice of the

---

[5] General Statutes § 52-420 (a) provides that an application to vacate an arbitration award "shall be heard in the manner provided by law for hearing written motions at a short calendar session, or otherwise as the court or judge may direct, in order to dispose of the case with the least possible delay." Service of process of short calendar written motions is governed by Practice Book §§ 196 and 120. Those sections merely require that service of a motion be made by mail unless the moving party is asserting new or additional claims, in which case service must be done in hand. Practice Book § 121 (c). The defendant's only challenge to the manner in which service was made relates to timeliness.

motion and the hearing within a reasonable amount of time prior to the hearing date. There are no provisions or statutes expressly mandating the time period within which the nonmoving party must receive notice, and the defendant does not claim that the notice was unreasonable.[6] Accordingly, we agree with the trial court that the notice was reasonable, and conclude that the court properly found that it had jurisdiction over the defendant and these proceedings.[7]

## II

The defendant next claims that the trial court incorrectly concluded that the public policy underlying Connecticut's uninsured or underinsured motorist insurance laws[8] does not require insurers to insure relatives who reside with the named insured and who own a car. We disagree.

Under the policies issued by the plaintiff, a covered person includes a resident relative of the named insured who does not own a car. The parties agree that as a matter of contract construction, the defendant does not come within this definition because at the time of the

[6] The defendant does not dispute that timely and proper notice was served prior to the new hearing date in accordance with the second order. Because the defendant was properly served, the trial court had personal jurisdiction over the defendant.

[7] The defendant also contends that the trial court should have assigned two separate docket numbers to the plaintiff's motions to vacate because the motions related to separate and different cases. The defendant's argument is based upon the premise that the first motion to vacate was invalid and thus the second motion to vacate was a new proceeding. As stated above, however, the first motion to vacate was properly filed. There was no reason, therefore, to assign a second docket number to the second motion because it did not begin a new proceeding. The second motion to vacate was merely a request to reschedule the hearing date.

[8] "[S]tatutory provisions relating expressly to uninsured motorist coverage apply also to underinsured motorists." *American Motorists Ins. Co.* v. *Gould*, 213 Conn. 625, 628, 569 A.2d 1105 (1990); see *Hotkowski* v. *Aetna Life & Casualty Co.*, 224 Conn. 145, 151, 617 A.2d 451 (1992).

accident the defendant owned a car. The defendant contends, however, that this contract definition violates the public policy embodied in Connecticut's uninsured motorist laws. We have fully addressed this issue in *Middlesex Ins. Co.* v. *Quinn,* 225 Conn. 257, 622 A.2d 572 (1993). In *Middlesex Ins. Co.* v. *Quinn,* we reviewed precisely the same insurance policy definition that is at issue in this case. We concluded that an automobile insurance policy definition that limits both liability and uninsured motorist coverage to resident relatives of the named insured who do not own a car is consistent with the public policy of Connecticut's uninsured motorist laws. Id., 268–69. Accordingly, because the defendant in this case owns a car, he is not a covered person under the policies issued to his father and sister by the plaintiff.

The judgment is affirmed.

In this opinion the other justices concurred.