[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In CNA Ins. Co. v. Colman, 222 Conn. 769, 610 A.2d 1257 (1992), the supreme court held that an employee who is injured while operating his employer's automobile during the course of his employment is precluded by the exclusive remedy provisions of the Workers' Compensation Act from collecting underinsured motorist benefits under his employer's automobile liability insurance policy. The principal issue in this case is whether an employee who is injured while CT Page 4975 operating her father's personal automobile during the course of her employment is precluded by the exclusive remedy provisions of that Act from collecting underinsured motorist benefits under an automobile liability policy under which both her father and her employer, his close corporation, are named insureds. This court holds that the employee-claimant is not barred from recovering such benefits.
The plaintiff, New Hampshire Insurance Company, has filed an application to vacate an arbitration award that was made in favor of the defendant, Danya Duboys (Duboys or the defendant). The record reveals the following facts. New Hampshire Insurance Company issued a commercial lines automobile policy on which Standard Plumbing Supply Company, Inc. was the sole named insured. On September 19, 1991, by endorsement, the plaintiff added Gary Duboys, Beatram and Beatrice Duboys, Stephen Duboys, and Jobbers Plumbing Supply Co. as additional named insureds. Standard Plumbing Supply Company, Inc. employed Danya Duboys, the defendant.
On March 10, 1992, Duboys suffered personal injuries in a two-vehicle automobile accident. Duboys was the operator of one vehicle, which was owned by and registered to her father, Gary DuBoys, who also is one of the two principals of Standard Plumbing Supply, Inc. The operator of the other vehicle was Barbara Rios. The accident occurred in the course of Duboys's employment. The arbitrators found that Rios's negligence was the proximate cause of the accident and Duboys was free of comparative negligence. The arbitrators also found that Duboys was a "covered person" under the insurance policy. The plaintiff does not contest either finding.
After a hearing, two arbitrators concluded that CNA Ins. Co. v.Colman, supra, 222 Conn. 769, did not apply to this case. The majority of the arbitration panel reasoned that the exclusivity provision of the Workers' Compensation Act did not bar Duboys' claim because Duboys was operating a vehicle owned by her father who was a named insured under the insurance policy. After determining the amount of reasonable compensation and giving the insurance company credit for various amounts that Duboys had already recovered,[1] the majority of the arbitrators awarded Duboys $20,633.25. A single arbitrator concluded that CNA Ins. Co. v. Colman, supra, 222 Conn. 769, controlled this case and that Duboys was precluded from recovering any underinsured motorist benefits under the policy issued by the plaintiff.
The two issues before the court concern the procedure and the substance of the plaintiff's application to vacate. First, the CT Page 4976 procedural question.
 I
In her motion to dismiss, Duboys states the application to vacate the arbitration award should be dismissed because "it was not filed within thirty (30) days of the notice of the arbitration award as required by the Connecticut General Statutes." Although Duboys did not cite the specific statute,[2] it is clear that she is relying on General Statutes § 52-420 which provides: "No motion to vacate, modify or correct an award may be made after thirty days from the notice of the award to the party to the arbitration who makes the motion."
The plaintiff argues that the motion to dismiss should be denied because (1) Duboys failed to submit a memorandum of law as required by Practice Book §§ 143[3] and 204,[4] and (2) the motion to vacate was filed in a timely manner. Citing Middlesex Ins. Co. v. Castellano,225 Conn. 339, 345, 623 A.2d 55 (1983), the plaintiff claims that the date which commences the thirty day period is the date when notice of the arbitration award is received by the party seeking to vacate the award. Citing its attorney's affidavit, the plaintiff contends that the facts demonstrate that the application was timely.
Notwithstanding the provisions of Practice Book §§ 143, 204, DuBoys' failure to file a memorandum of law in support of her motion to dismiss is not fatal here. This is because the statutory requirement that an application to vacate an arbitration award be filed within thirty days of the notice of the award to the moving party is jurisdictional. Middlesex Ins. Co. v. Castellano, supra,225 Conn. 344. "[O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it ispresented . . . and the court must fully resolve it before proceeding further with the case. . . . Subject matter jurisdiction, unlike jurisdiction of the person, cannot be created through . . . waiver." (Internal quotation marks and citations omitted; emphasis added.)Castro v. Viera, 207 Conn. 420, 429-430, 541 A.2d 1216 (1988)
The award is dated December 30, 1994. The application to vacate is date-stamped by machine March 1, 1995. However, the order for hearing and notice signed by an assistant clerk of the court is dated by him as February 8, 1995. Obviously, therefore, the application was "made", that is, filed with the clerk; Boltuch v. Rainaud, 137 Conn. 298,77 A.2d 94 (1950); well before it was date-stamped. The affidavit of the plaintiff's attorney avers that she received the award on January 3, 1995, the next business day after December 30, 1994, and CT Page 4977 that she handed her application to vacate to the assistant clerk of the court on February 2, 1995. The defendant presented no contrary affidavit or other evidence. Unlike notices which issue from a court, which by legislative fiat "date from the time when such notice is issued by the clerk"; General Statutes § 51-53; Practice Book § 398; the thirty day time period within which to vacate an arbitration award dates from the time notice of the arbitration award is received by the party moving to vacate the award. This is evident from the wording of General Statutes § 52-420(b) which provides that the motion to vacate cannot be made "after thirty days from the notice of the award to theparty to the arbitration who makes the motion." (Emphasis added.) That the statute contemplates that the date of notice of the award to the moving party may be different from the date of notice to the opposing party confirms that it is the date of the receipt of the award by the moving party which commences the running of the thirty day time limit. See also Hayes v. Travelers Indemnity Co., 26 Conn. App. 418, 419-420,601 A.2d 555 (1992). The application to vacate was timely made. Duboys's motion to dismiss is denied.
 II
The plaintiff's application to vacate the arbitration award has five counts.[5] Although differently phrased, each count argues that since Duboys is an employee of Standard Plumbing Supply Company, Inc., the original named insured on the policy of insurance issued by the plaintiff, the arbitrators erroneously awarded underinsured motorist benefits to DuBoys because the exclusivity provision of the Workers' Compensation Act precludes her recovery of such benefits from her employer's insurer. This also is the only cognizable claim distinctly briefed by the plaintiff. See Practice Book § 285A.[6] The plaintiff argues that Colman v. CNA Ins. Co., supra, 222 Conn. 769, holds that an employee's exclusive remedy for injuries sustained in an automobile accident that occurs in the course of employment is workers' compensation.
In reviewing compulsory underinsured motorist arbitration proceedings pursuant to General Statutes § 52-418,[7] this court conducts a de novo review of the interpretation and application of the law by the arbitrators. American Universal Ins. Co. v. Del Greco,205 Conn. 178, 191, 530 A.2d 171 (1987). Where, as here, a transcript of the proceedings before the arbitrators is made, preserved and provided to the court, this court reviews the arbitrators' factual findings to determine if those findings are supported by substantial evidence.Chmielewski v. Aetna Casualty Surety Co., 218 Conn. 646, 663-667,591 A.2d 101 (1991). CT Page 4978
In Bouley v. Norwich, 222 Conn. 744, 610 A.2d 1245 (1992), the supreme court held that an employee who is injured in an automobile accident while operating his employer's vehicle during the course of his employment is precluded by the exclusivity provision of the Worker's Compensation Act, General Statutes § 31-284(a),[8] from collecting uninsured motorist benefits from his self-insured employer. The court acknowledged that the four other jurisdictions which had addressed the issue had ruled otherwise. Id., 761. The same day that the court released its decision in Bouley, it also decided CNAInsurance Co. v. Colman, supra, 222 Conn. 769, holding that the exclusive remedy provisions of the Worker's Compensation Act precluded an employee from making a claim for uninsured motorist benefits under his employer's automobile liability insurance policy where the automobile accident giving rise to the claim for benefits arose out of and was in the course of the employee's employment.[9]
In Colman, the claimant, "Colman was involved in an automobile accident while driving his employer's personal automobile within the scope of his employment. CNA insured the automobile, along with three others owned by Colman's employer, under a personal automobile liability policy." CNA Ins. Co. v. Colman, 222 Conn. 771. The court held that the Workers' Compensation Act was Colman's exclusive remedy and that he could not seek additional, underinsured motorist benefits under his employer's automobile liability policy. The rationale of Colman was that the exclusive remedy provision of the Workers' Compensation Act precluded the employer from having to bear any
additional costs on account of injuries arising out of the employment. Said the court: "The fact that the employee's suit is based on an uninsured motorist insurance policy issued by a commercial insurer does not warrant a departure from the exclusive remedy policy of our Workers' Compensation Act. Colman's employer procured and paid for the insurance policy under which Colman is seeking benefits in this case. `Under the Workers' Compensation Act, both the employer and the employee have relinquished certain rights to obtain other advantages.'Bouley v. Norwich, supra, [222 Conn.] 752. Pursuant to this compromise, the employer is insulated from bearing any costs arising out of workplace injuries in excess of those provided by workers' compensation. See Pokorny v. Getta's Garage, 219 Conn. 439, 454-55,594 A.2d 446 (1991); Jett v. Dunlap, 179 Conn. 215, 217, 425 A.2d 1263
(1979). Claims paid by an employer's insurer will presumably be reflected in the insurance premium that the employer must pay. It follows therefore that CNA, as the alter ego of its insured, the employer, must have the right to refuse to pay benefits to an employee injured during the course of employment above and beyond the legal CT Page 4979 liability of the employer." (Emphasis in original.) Id., 773-774.
Here, by contrast, the policy of insurance and the undisputed testimony reflects that the automobile which the defendant was operating at the time of the collision was owned by and registered to her father, Gary Duboys. Gary Duboys was a named insured on the policy of insurance by virtue of a policy endorsement effective September 1, 1991. The automobile which the defendant was operating was added to the schedule of owned automobiles at the time of that endorsement. The defendant is an insured under the policy because, inter alia, she is a "family member" of Gary Duboys and because she was "`occupying' a `covered auto'. . . ." That the defendant may also have been an insured, as a "family member", even if Standard Plumbing Supply Company, Inc. were the sole named insured; Ceci v. National IndemnityCo., 225 Conn. 165, 622 A.2d 545 (1993); is of no moment. That one of the two contractual avenues by which the plaintiff could assert status as an insured for underinsured motorist coverage purposes under the policy is barred by Workers' Compensation exclusivity does not impair the other avenue.[10]
Gary Duboys was president and half owner of Standard Plumbing Supply, Inc. There was no evidence as to whether the endorsement to the policy was paid for by Standard Plumbing Supply Company, Inc. or by Mr. Duboys personally. Why Mr. Duboys and his agent chose to endorse him as a named insured onto the existing commercial policy rather than having the plaintiff issue a separate policy is immaterial. According to Mr. Duboys, the endorsement was intended to amend the policy from a corporate, or commercial lines policy to a commercial and personal policy. Had a separate policy been issued and had the defendant made a claim under that separate, personal auto policy, there would be no issue as to the exclusivity of the remedy under the Workers' Compensation Act. "[W]e will not exalt [the insurance policy's] form over [its] substance. State v. Rosedom,34 Conn. App. 141, 143, 640 A.2d 634 (1994); Wilton v. McGovern,33 Conn. App. 517, 521, 636 A.2d 870, cert. denied,228 Conn. 928, 640 A.2d 116 (1994); Connecticut National Bank v.Browder, 30 Conn. App. 776, 779, 622 A.2d 588 (1993); TollandBank v. Larson, 28 Conn. App. 332, 337, 610 A.2d 720 (1992)."Brown v. Rosen, 36 Conn. App. 206, 210,650 A.2d 565 (1994); State v. Tuszynski, 23 Conn. App. 201,205, 579 A.2d 1100 (1990).
Here, the insurance policy specifically names Gary Duboys as a named insured for underinsured motorist coverage. The plaintiff is the "alter ego" not only of Standard Plumbing Supply Company, Inc. but of CT Page 4980 Gary DuBoys. CNA Ins. Co. v. Colman, supra, 222 Conn. 773. Since the defendant was not an employee of her father but of Standard Plumbing Supply Company, Inc., the exclusive remedy provisions of the Workers' Compensation Act do not bar the defendant's recovery of underinsured motorist benefits from the plaintiff.
The plaintiff's motion to vacate the arbitration award is denied.
BY THE COURT
Bruce L. Levin Judge of the Superior Court