[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS (#128)
The plaintiff filed a foreclosure action seeking to foreclose common charges on a condominium unit. The complaint was filed on February 14, 1996, naming the unit owner, National Housing Exchange, Inc., as the defendant. The complaint identified John and Jane Doe as possessors of the unit. A judgment of foreclosure was entered on March 25, 1996. The judgment was opened on April 8, 1996, and a motion to cite in additional defendants, John and Jane Doe, was granted, Tobin, J. A new sale date was set for May 11, 1996. The defendants were served on April 9, 1996, and filed an appearance in the matter on May 10, 1996. There was a sale on May 11, 1996. A motion to approve the sale is pending.
The defendant, John Doe, or Adam Kamen, moves the court to dismiss the action as against him because he was not served until after judgment had entered. The defendant also claims that he was CT Page 5496-Q not made a party to the action until after the judgment had entered. The defendant is incorrect in this assertion, however, because the judgment was opened for the purpose of citing in the defendant. Furthermore, as part of the opening of the judgment, the defendants John and Jane Doe were served. The defendant "cannot be bound by the action of the court without reasonable notice and an opportunity to be heard." Middlesex Ins. Co. v.Castellano, 225 Conn. 339, 344, 623 A.2d 55 (1993). The defendants were properly served, and the court may exercise jurisdiction over them.
The court denies the motions to approve the sale (#120, 121, 122, 123), and grants the motion to reopen the judgment (#126) because the plaintiff has not followed the requisite formalities for obtaining a judgment against these defendants.
As an initial matter, "the parties may be described as John Doe v. Richard Roe, et al., but this will not be sufficient in a judgment file, which must give all the data necessary for use in drawing the execution." Buxton v. Ullman, 147 Conn. 48, 60,156 A.2d 508, reh'g denied, 36 U.S. 497 (1959). John Doe has appeared, and is identified as Adam Kamen, however Adam Kamen has not been substituted as John Doe. Jane Doe has not been identified. Furthermore, and perhaps more importantly, John and Jane Doe were never defaulted. The plaintiff attempted to default John Doe, but the default was entered a month after the property had been sold. The file was in judgment, and the default is void. Another motion to default is also pending (#127), but it should be denied because it is based on a demand for disclosure of defense made after judgment had entered and the property had been sold. The plaintiff was filing pleadings against defendants after judgment had entered. Lastly, Jane Doe had never been defaulted. The court reopens the judgment without setting a sale date, and permits the plaintiff to properly identify and default the defendants. After the defendants are defaulted, or the court grants summary judgment, the court should set a new sale date. The motions to approve the sale is denied.
HICKEY, J.