## AMAL DAS *v.* RUTH RODGERS
### (AC 16434)

Foti, Lavery and Freedman, Js.

---

Argued September 15—officially released December 2, 1997

*Mark S. Rosenblit,* for the appellant (defendant).

*David A. Haught,* for the appellee (plaintiff).

*Opinion*

FREEDMAN, J. The defendant appeals from a judgment of strict foreclosure, rendered by the trial court, following the trial court's acceptance of an attorney trial referee report. On appeal, the defendant claims that the trial court improperly (1) failed to correct the attorney trial referee's findings of fact as requested by the defendant, (2) found that the defendant's predecessor in interest, David Rubinfeld, transferred the subject

attached property without notice to the plaintiff and in violation of a restraining order, and (3) concluded that the judgment lien filed by the plaintiff against the defendant's real property related back to a prior attachment against the property. We affirm the judgment of the trial court.

The following facts are relevant to this appeal. In 1986, the plaintiff in the present action, Amal Das, commenced an action against David Rubinfeld, claiming damages for breach of contract and breach of warranty (*Das I*). That action was assigned docket number CV86-0313663S. The trial court in that action granted the plaintiff's application for an attachment in the amount of $20,000 on five parcels of land in Avon.[1] The trial court further enjoined Rubinfeld from transferring the attached property. On January 16, 1986, an attachment lien on the subject real property was properly recorded on the Avon land records. On March 16, 1987, the court ordered the attachment increased to $100,000 on the basis of the stipulation of the parties.

The case proceeded to trial in 1990. During jury selection, the parties reached an agreement, in the presence of the presiding judge, to forgo the jury trial and to proceed to arbitrate the issues under the rules of the American Arbitration Association. The award of the arbitrator was to be presented to the court for judgment in the pending action. By agreement dated November 16, 1990, the parties submitted the dispute to arbitration as agreed.

The arbitration proceedings were closed on March 24, 1993. The arbitrator issued his award on April 6, 1993. Pursuant to the award, Rubinfeld was to pay $28,539.45 to the plaintiff. On May 4, 1993, the plaintiff filed an application to the court to confirm the arbitrator's award in the action that was still pending in the

[1] One of these five parcels, lot 25, is the property at issue in the present case.

Superior Court. The Superior Court clerk's office returned the May 4 application with instructions that the application be served on Rubinfeld with an order to show cause and returned to the court with a $150 filing fee.

The plaintiff then prepared and filed a duplicate application dated May 11, 1993. This application was served and returned to the court with the filing fee (*Das II*). The second application was in all relevant respects identical to the first application. The only difference between the applications was that the typewritten caption on the first application referred to case number CV 86-0313663-S and was dated May 4, 1993, while the second application was dated May 11, 1993, and had a typewritten caption stating "Return Date: June 1, 1993" to which had been added in the clerk's handwriting "704294" without a CV date. In addition, the second application included forms with respect to service, summons and an order to show cause.

On May 24, 1993, the trial court entered two orders in *Das II*. One order reduced the attachment on lot 25 from $100,000 to $30,000, and the second rendered judgment confirming the arbitrator's award. On June 2, 1993, the plaintiff filed a judgment lien on the property that had been attached at the time the litigation between the parties commenced in 1986. On September 10, 1993, the plaintiff brought the present action to foreclose the judgment lien. The defendant proffered a defense that the judgment lien was invalid and unenforceable.

The case was tried before an attorney trial referee, who concluded that the judgment lien was valid and enforceable against the interest of the defendant, Ruth Rodgers.[2] The attorney trial referee, therefore, concluded that a judgment of foreclosure should be rendered against the defendant on the judgment lien in the

---

[2] The attorney trial referee found that on December 4, 1990, while the arbitration proceedings were under way, Rubinfeld, without notice to the

amount decreed by the court. The attorney trial referee denied the defendant's motion to correct the attorney trial referee report. The trial court subsequently denied the defendant's exception to the attorney trial referee report and overruled the defendant's objection to the acceptance of the report. Following the entry of a judgment of strict foreclosure and the setting of law days, the defendant appealed to this court.

I

We first address the defendant's claim that the trial court improperly concluded that the judgment lien related back to the original attachment. If the defendant prevails on this claim, we need not address the defendant's remaining claims.

According to the defendant, the trial court improperly held that the judgment lien related back to the attachment obtained in *Das I*. The plaintiff counters by claiming that the trial court correctly determined that the plaintiff's application to confirm the arbitration award in *Das II* was not a separate civil action but, rather, was ancillary to, consolidated with, or a part of the civil action in which the subject property was previously attached. We agree with the plaintiff.

"General Statutes §§ 52-328 and 52-380a together provide a four month period after final judgment in which a prevailing party may file a judgment lien so that the lien relates back to the prejudgment attachment." *Mac's Car City, Inc.* v. *DiLoreto*, 238 Conn. 172, 173 n.1, 679 A.2d 340 (1996). According to the defendant, the plain

plaintiff and in violation of the court's restraining order, quitclaimed lot 25, the subject of the present foreclosure action, to his wife, Gail Rubinfeld, who subsequently transferred lot 25 to her mother, Ruth Rodgers, the named defendant in the present action.

language of both §§ 52-328 (b)[3] and 52-380a (b)[4] makes clear that a judgment lien securing a judgment can relate back only to an attachment obtained in the same action in which said judgment was rendered. Since no judgment was ever rendered in *Das I*, the defendant argues that the plaintiff has no judgment lien that can relate back to his attachment in *Das I*.

The defendant's argument, however, is premised on his claim that *Das II* was a separate action from *Das I*. The court in *Waterbury* v. *Waterbury Police Union*, 176 Conn. 401, 408, 407 A.2d 1013 (1979), held, however, that "proceedings brought pursuant to § 52-420 to confirm, modify or vacate arbitration awards are not civil actions within the meaning of title 52." In so holding, the court noted that "applications brought to confirm, modify or vacate arbitration awards are special statutory proceedings. *Boltuch* v. *Rainaud*, 137 Conn. 298, 301, 77 A.2d 94 [1950]. It has long been established by the courts of this state that certain statutory proceedings are not 'civil actions' within the meaning of title 52 of the General Statutes." *Waterbury* v. *Waterbury Police Union*, supra, 406–407; see *Middlesex Ins. Co.* v. *Castellano*, 225 Conn. 339, 344, 623 A.2d 55 (1993). We agree with the plaintiff that if an application to confirm an arbitration award is not a civil action, then, by definition, it cannot be a *separate* civil action.

Furthermore, "[o]ur courts have wholeheartedly endorsed arbitration as an effective alternative method

[3] General Statutes § 52-328 (b) provides: "No real estate that has been attached may be held subject to the attachment to respond to the judgment obtained in the suit, either against the debtor or any other creditor, unless the judgment creditor places a judgment lien on the real estate within four months after a final judgment."

[4] General Statutes § 52-380a (b) provides in relevant part: "From the time of the recording of the judgment lien certificate, the money judgment shall be a lien on the judgment debtor's interest in the real property described. If, within four months of judgment, the lien is placed on real property which was previously attached in the action, the lien on that property shall hold from the date of attachment . . . ."

of settling disputes intended to avoid the formalities, delay, expense and vexation of ordinary litigation. . . . Courts favor arbitration as a means of settling differences . . . . [I]ts autonomy requires a minimum of judicial intrusion." (Citation omitted; internal quotation marks omitted.) *New Haven* v. *Local 884, Council 4, AFSCME, AFL-CIO*, 237 Conn. 378, 386–87 n.8, 677 A.2d 1350 (1996). With this policy in mind, it must be emphasized that in the present case the parties reached an agreement, in the presence of the presiding judge, to arbitrate the issues and to present the award of the arbitrator to the court for judgment in the pending case. When the plaintiff attempted to confirm the arbitrator's award in the pending action, pursuant to this agreement, he was instructed by the clerk's office to take further steps regarding the filing of an order to show cause and a filing fee. Those further steps resulted in the assignment of a new docket number to the application to confirm the award. All of the proceedings in *Das II* involved the same parties, the same subject matter and the same claim by the plaintiff. Under all of the facts and circumstances of this case, not the least of which is the agreement of the parties to arbitrate the issues and to present the arbitration award to the court for judgment in accordance with the award, it would be a gross miscarriage of justice to hold that the judgment lien in *Das II* did not relate back to the prior attachment.

Finally, the defendant argues that, pursuant to General Statutes § 52-424,[5] a plaintiff taking part in permissive arbitration is entitled to have judgment rendered on the arbitration award in the same civil action in which the reference to arbitration was made. According

[5] General Statutes § 52-424 provides: "When the parties to any action pending in court desire to refer it to arbitration, each may choose one arbitrator and the court may appoint a third; and the award of such arbitrators, returned to and accepted by the court, shall be final, and judgment shall be rendered pursuant thereto and execution granted thereon with costs."

to the defendant, had the plaintiff filed his application to confirm the arbitration award pursuant to § 52-424, the application would have been accepted, and judgment would have been rendered in *Das I*. In that case, all of the plaintiff's prejudgment rights would have been preserved and capable of postjudgment perfection. The defendant argues, however, that since the plaintiff's original application was filed pursuant to General Statutes § 52-417[6] and Practice Book § 525,[7] the application was rejected, and the plaintiff was instructed to take the additional steps regarding the order to show cause and the filing fee. According to the defendant, by proceeding pursuant to § 52-417, the plaintiff waived his right to have judgment rendered in *Das I* and, therefore, the judgment that was rendered in *Das II* did not preserve any of the plaintiff's prejudgment rights obtained in *Das I*.

There is no authority for the defendant's contention, however, that the court or the clerk's office would have treated the plaintiff's original application differently had it relied on § 52-424 rather than § 52-417 and Practice Book § 525. The plaintiff attempted to file the application to confirm the arbitration award in *Das I*, which was still pending at the time. The plaintiff was given

[6] General Statutes § 52-417 provides: "At any time within one year after an award has been rendered and the parties to the arbitration notified thereof, any party to the arbitration may make application to the superior court for the judicial district in which one of the parties resides or, in a controversy concerning land, for the judicial district in which the land is situated or, when the court is not in session, to any judge thereof, for an order confirming the award. The court or judge shall grant such an order confirming the award unless the award is vacated, modified or corrected as prescribed in sections 52-418 and 52-419."

[7] Practice Book § 525 provides: "In proceedings brought for confirming, vacating or correcting an arbitration award under Gen. Stat., §§ 52-417, 52-418 or 52-419, the court or judge to whom the application is made shall cause to be issued a citation directing the adverse party or parties in the arbitration proceeding to appear on a day certain and show cause, if any there be, why the application should not be granted."

instructions by the clerk's office with regard to an order to show cause and a filing fee.[8] The plaintiff followed the instructions from the clerk's office, resulting in *Das II*. The plaintiff should not be penalized for following the instructions from the clerk's office. Under these circumstances, we agree with the attorney trial referee that "the confirmation of the award under a different docket number must be treated as a proceeding ancillary to or at a minimum consolidated with the original civil action with the result that the judgment lien valid under the newly assigned docket number relates back to the attachment in the original action under [General Statutes] § 52-380a (b)."

II

The defendant next argues that the trial court improperly failed to correct the attorney trial referee's findings of fact as requested by the defendant in several respects. We disagree.

The defendant first argues that the trial court improperly failed to correct the report of the attorney trial referee to add the fact that on December 10, 1993, *Das I* was dismissed pursuant to Practice Book § 251 (the dormancy program) and that this judgment of dismissal was not subsequently opened. The defendant further argues that the trial court should have added the fact that the clerk of the court, pursuant to General Statutes § 52-324, subsequently issued a certificate declaring said dismissal of the case and discharging the plaintiff's real estate attachment against the defendant's property.

The fact that *Das I* was dismissed on December 10, 1993, and the fact that the attachment was subsequently

---

[8] We do note that "[t]he purposes of a citation and order to show cause are ordinarily to obtain personal jurisdiction over and give proper notice to a party. Where the parties are already in court regarding the arbitration proceeding, there is no vital need for a citation and order to show cause." *Shelby Mutual Ins. Co.* v. *Evans*, 20 Conn. App. 1, 5, 563 A.2d 1041 (1989).

discharged, however, does not affect the validity of the judgment lien, which was filed in June, 1993. Nor, as the plaintiff argues, do these facts affect the attorney trial referee's conclusion that the proceeding to confirm the arbitration award in *Das II* was merely ancillary to the initial proceeding. "The trial court, as the reviewing authority, may render whatever judgment appropriately follows, as a matter of law, from the facts found by the attorney trial referee." *TDS Painting & Restoration, Inc.* v. *Copper Beech Farm, Inc.*, 45 Conn. App. 743, 750–51, 699 A.2d 173, cert. denied, 243 Conn. 908, 701 A.2d 338 (1997). The trial court, however, "cannot find additional facts or reject others unless a material fact has been found without evidence." Id., 751. Because the arbitration award was properly confirmed on May 24, 1993, and the judgment lien was properly filed on June 2, 1993, prior to the December 10, 1993 dismissal of *Das I*, the trial court did not improperly fail to add these facts to the attorney trial referee's report.

The defendant further argues that the trial court improperly failed to strike from the report of the attorney trial referee the fact that the Superior Court clerk's office returned the May 4, 1993 application to the plaintiff with instructions that the application be served on the defendant with an order to show cause and a $150 filing fee. According to the defendant, no testimonial evidence was presented, and none of the documentary evidence submitted explained how or why the plaintiff's application to confirm was accepted as *Das II* rather than as a pleading in *Das I*.

The attorney trial referee had before him, however, the affidavit of Attorney Matthias J. DeAngelo. DeAngelo had represented the plaintiff in May, 1993. DeAngelo stated in his affidavit that on May 4, 1993, he prepared an application to confirm the arbitration award in the action that was pending between the parties, and that this application was mailed back to him

from the clerk's office with instructions that the application must first be served on the defendant with an order to show cause and returned with a $150 filing fee. DeAngelo further stated in the affidavit that accordingly, he prepared the second application dated May 11, 1993. The attorney trial referee, therefore, had sufficient evidence from which to make this finding of fact.

## III

The defendant's last argument is that the attorney trial referee improperly found that Rubinfeld, the defendant's predecessor in interest, had transferred the attached property without notice to the plaintiff and in violation of the court's restraining order in *Das I*.

In addition to finding that Rubinfeld had transferred the property without notice to the plaintiff, the attorney trial referee also found that "Ruth Rodgers, the defendant, in the foreclosure proceedings, acquired only such interest in Lot No. 25 as belonged to Rubinfeld at the time of her acquisition. This interest was then subject to the plaintiff's unreleased attachment of which she had notice on the land records of the town of Avon, Connecticut, and the records in the proceedings in the Superior Court which continued to judgment and the proper recording of the judgment lien within four months thereof." As the plaintiff correctly points out, because Rodgers acquired title subject to the attachment, the transfer from Rubinfeld to Rodgers does not affect the plaintiff's right to foreclose the judgment lien. Because a resolution of whether Rubinfeld transferred the property to Rodgers without notice to the plaintiff and in violation of the restraining order will not affect the outcome of this case, we decline to address that issue.

The judgment is affirmed and the case is remanded for the purpose of setting new law days.

In this opinion the other judges concurred.