[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
At issue is whether, after an arbitration, a dissatisfied party seeking modification of the result meets the thirty day filing requirement of General Statutes § 52-420 (b) for motions to the Superior Court when he:
(a) files with the arbitrator within thirty days, but
(b) files with the court more than thirty days after the arbitrator's response to the modification request.
The Court feels it is unnecessary to attempt to definitively resolve whether the earliest filing, that to the arbitrator, suffices, given that no court motion followed within another thirty days subsequent.
On January, 21, 1996, the plaintiff, Algonquin Steel Technologies, Inc., filed a claim for arbitration with the American Arbitration Association claiming that the defendant, Connecticut Compressed Gas, Inc., breached a written contract between the parties. Shortly thereafter, the defendant filed a counterclaim. On June 9, 1997, the arbitrator issued a written award. On or about June 12, 1997, the defendant was duly notified of the arbitration award.
On June 24, 1997, the defendant filed with the arbitrator both a motion to modify and a motion to strike the award. On July, 1, 1997, the plaintiff filed a motion to modify the arbitration award with the arbitrator. On July 29, 1997, the arbitrator responded to all the motions of both parties and found that there was no ground to reverse or modify the original award.
On or about September 9, 1997, the plaintiff filed an CT Page 801 application to confirm the arbitration award in the Superior Court. On October 14, 1997, in response to said application, the defendant filed motions to vacate and modify the arbitration award in the Superior Court.
The plaintiff argues that the defendant's motions to vacate and modify should be denied because the Superior Court lacks subject matter jurisdiction pursuant to General Statutes §52-420 (b).
Section 52-420 (b) of the Connecticut General Statutes provides: "No motion to vacate, modify or correct an award may be made after thirty days from the notice of the award to the party to the arbitration who makes the motion." In the present case, the defendant received notice of the arbitration award on or about June 12, 1997, and notice of the arbitrator's denial of the motions to modify on or about July 29, 1997. The defendant did not file the instant motions with the Superior Court until October 14, 1997. Thus, the defendant filed the motions with the Superior Court more than thirty days after both the initial award and the arbitrator's denial of any modification of the initial award.
The defendant argues that filing its motions with the arbitrator on June 24, 1997 satisfies General Statutes §52-420 (b). Therefore, the defendant contends that because it filed the motions with the arbitrator within thirty days, it can then bring an action in the Superior Court any, presumbly reasonable, time in the future. The defendant, however, does not provide any case law to support this proposition. Further, nothing in the language of § 52-420 (b) provides such support. In fact, the Connecticut Supreme Court has stated that pursuant to § 52-420 (b), "[t]he only jurisdictional requirement in filing a motion . . . is that it be filed with the trial court within thirty days of the moving party's notice of the arbitration award." Middlesex Ins. Co. v. Castellano, 225 Conn. 339, 345,623 A.2d 55 (1993). Thus, the defendant probably did not satisfy § 52-420 (b) by filing its motions with the arbitrator.
However, regardless of whether the defendant satisfied General Statutes § 52-420 (b) by filing with the arbitrator, the defendant failed to timely file its motion to the court. The defendant did not file with the Superior Court within thirty days after receiving notice that the arbitrator denied its motions to modify and strike the arbitration award. CT Page 802
Read in the light most favorable to defendant, the statute at least requires action to the court within thirty days of the last approaches to the arbitrator and responses by the arbitrator. Indeed, more than thirty days also passed subsequent to plaintiff's court motion to confirm the award.
This court does not believe it is our law that 52-420 (b) is so broadly permissive as to require no more than a return to the arbitrator within thirty days and a trip to court more than thirty days after a second unsatisfactory result; this is especially so when more than thirty days went by before plaintiff sought to confirm and more than another thirty transpired before defendant came here.
"[T]he failure to file a timely application deprives the court of subject matter jurisdiction." Mackler v. Saab Cars USA,Inc., Superior Court, judicial District of Hartford-New Britain at Hartford, Docket No, 703040 (November 13, 1992, Schaller, J.). Thus, the defendant's motions are denied.
Nadeau, J.