[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: APPLICATION TO CONFIRM ARBITRATION AWARD
The plaintiff and defendant were parties to an arbitration and the arbitrator made an award in favor of the plaintiff which was forwarded to the parties on January 17, 2001. The plaintiff has made an application to confirm that award. There is no reason not to confirm that award except for the issue involving the existence or non-existence of an application for vacate the arbitration award.
During the later part of January, 2001, the defendant contacted an attorney regarding the arbitration award. On February 7, 2001, the attorney prepared an application to vacate the arbitration award asserting various grounds which do not include claims of corruption, fraud. On the same day, February 7, 2001, attorney mailed the entry fee and application to the Clerk's Office at the Bridgeport Superior Court. When the attorney returned from a vacation in March he contacted the clerk' office and was advised that the matter was scheduled for April 9, 2001. However, there was a miscommunication because only the application to confirm the award was scheduled the April 9, hearing. The check for the entry fee has never been returned to the attorney for the defendant either as cashed or uncashed. The clerk's office in Bridgeport has no record of the application to vacate ever having been received. Checks received by the clerk's office are deposited within 24 hours of their receipt. The clerk's office has no record of any docket number having been assigned to the application nor the receipt of any check. Therefore, the court cannot find that the application to vacate was filed with the clerk's office.
Under General Statutes § 42-240(b) "[N]o motion to vacate, modify of correct an award may be made after 30 days from the notice of the award to the party to the arbitration who makes the motion." Chapter 909 of our General Statutes relating to arbitration proceedings evidences a policy of an expeditious solution of matters by arbitration. The 30 day mandated period for the filing of a motion to vacate an arbitration award is in keeping with that policy. In discussing the issue of subject matter CT Page 7365 jurisdiction our Supreme Court has stated: "[T]he only jurisdictional requirements in filing a motion to vacate an arbitration award is that it be filed with the trial court within 30 days of the moving party's notice of the arbitration award." Middlesex Ins. Co. v. Castellano, 225 Conn. 339,345 (1993).
Accordingly, the failure to file a motion to vacate within the 30 day period deprives the court of subject matter jurisdiction.
Accordingly, the motion to confirm the arbitrator's award is hereby granted.
RUSH, J. CT Page 7366
[EDITORS' NOTE: This page is blank.]
CT Page 7367
[EDITORS' NOTE: This page is blank.] CT Page 7368
[EDITORS' NOTE: This page is blank.] CT Page 7369