[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS
This is an action for a declaratory judgment filed by Administrative 
Residual Employees Union, Local 4200, AFT/CSFT (the "Union") against the state of Connecticut ("State"). Prior to this action, the parties entered into a collective bargaining agreement (CBA), which governed, in part, the duration of the standard work week and the accrual of paid vacation CT Page 1297-au leave.
Prior to this action, the parties agreed to a modification of the work week which incorporated a gradual increase over a three year period. The CBA modification contemplated an increase in the work week from thirty hours to forty hours between 1995 and 1998.
On July 28, 1998, the union filed a grievance contesting the State's calculation of vacation time based upon hours rather than whole days as allegedly required by the CBA. On September 1, 2000, an arbitrator rendered an award concluding that the State had violated the CBA and awarded the grievants the number of days of leave previously earned, but only as far back as July 1, 1998 The union then filed this declaratory action requesting the court to order the State to calculate the vacation accruals for the entire three year period of the modification.
The State on January 22, 2001, moved to dismiss the present action on the grounds that (1) the doctrine of sovereign immunity bars the union's action (2) the union failed to preserve the issue of arbitrability.
 -I-
The determining issue presented by this motion appears to be whether the union properly preserved the issue of arbitrability; that is, whether the union followed the necessary procedural steps to raise the present declaratory action contesting the arbitrator's decision that the years between 1995 and 1997 are beyond the scope of the underlying CBA. The State argues that the union should have moved to vacate or amend the arbitration award pursuant to General Statutes § 52-418 et seq. The union contends that it exhausted its administrative remedies by submitting to arbitration. The union's contentious is unpersuasive.
The two procedural avenues prescribed by the Legislature which a party may take to preserve the issue of arbitrability have been summarized by our Supreme Court as follows: "First, a party may refuse to submit to arbitration at the outset and instead compel a judicial determination of the issue of arbitrability . . . Alternatively, threshold questions of arbitrability may properly be committed to the arbitrators themselves for determination under the terms of the contract, along with the merits of the underlying dispute . . . In such cases a court, on a motion tovacate, may properly entertain a challenge to an award alleging disregard of the limits in the parties' agreement with respect to arbitration."White v. Kampner, 229 Conn. 465, 476, 641 A.2d 1381 (1994). Moreover, "a party who voluntarily submits a dispute to arbitration without objecting to the arbitrability of the dispute waives judicial review of that issue." Id., 477. If the motion is not filed within the thirty day time CT Page 1297-av limit, the trial court does not have subject matter jurisdiction over the motion. Middlesex Ins. Co. v. Castellano, 225 Conn. 339, 344, 623 A.2d 55
(1993).
A party who voluntarily submits to arbitration and subsequently wishes to contest an arbitration award must satisfy the requirements set out in General Statutes § 52-418 through § 52-420. Section 52-418
provides the scope of the court's review when considering an application to vacate an award. Section 52-419 delineates the procedure for modifying or correcting an award. Applications made under both of these provisions, however, are governed by § 52-420, which states in relevant part: "No motion to vacate, modify or correct an award may be made after thirty days from the notice of the award to the party to the arbitration who makes the motion." (Emphasis added.)
 -II-
It is not necessary to construe the underlying CBA with respect to the issue of arbitrability. In this case the union filed a grievance and submitted to arbitration on July 28, 1998. An award was rendered on September 1, 2000. The union neglected to raise an objection regarding arbitrability and failed to file a motion to vacate, modify or correct pursuant to § 52-418 or § 52-419, instead, the union filed this declaratory action on November 27, 2000. It is concluded that as a result of the union's failure to file such a motion, this court lacks subject matter jurisdiction to address the union's claims with regard to the arbitration award.
It is therefore unnecessary to address the state's additional claim that the union's declaratory action is barred by the doctrine of sovereign immunity.
Motion to dismiss granted.
____________________ Wagner, J. TJR