## JOAN M. CHAVEZ *v.* ADMINISTRATOR, UNEMPLOYMENT COMPENSATION ACT (14443)

Dupont, C. J., and Lavery and Hennessy, Js.

Considered July 19—decision released September 19, 1995

*Lynne M. Knox,* in support of the motion.

*M. Leonard Caine III,* in opposition to the motion.

PER CURIAM. The employment security board of review (board) moves to intervene in this appeal from the Superior Court's judgment reversing the board's decision and remanding the case for de novo proceedings. We conclude that the board has the right to intervene in this appeal pursuant to General Statutes § 31-249c, and, therefore, we grant the board's motion to intervene.

The plaintiff, upon leaving her employment as a mental retardation worker at the Southbury Training School, applied to the administrator of unemployment compensation and was granted benefits pursuant to General Statutes § 31-241. The appeals referee affirmed the administrator's decision. The employer then appealed to the board, which sustained the appeal. Thereafter, the plaintiff appealed to the Superior Court. The court reversed the board's decision and remanded the case to the board for de novo proceedings. From that judgment, the defendant now appeals.

The board moves to intervene in this appeal pursuant to § 31-249c on the ground that the Superior Court's decision restricts the board's authority. The board represents that it did not move to intervene in the plaintiff's appeal to the Superior Court because the board did not know that the appeal involved issues affecting its authority until the trial court issued its memorandum of decision.[1] Whether a party may intervene at this level of appellate review pursuant to § 31-249c is a question of first impression for this court.

Section 31-249c provides in relevant part that "[t]he board shall have the right to intervene as a party in any proceeding under this chapter before a reviewing court." The statutory scheme governing administrative proceedings provides for two levels of appellate review. General Statutes § 31-249b. The issue before us is whether the term "reviewing court" in § 31-249c encompasses this court as well as the Superior Court in the context of this administrative appeal.

In construing § 31-249c, we must adhere to "well defined principles of statutory interpretation that

---

[1] The plaintiff's appeal to the Superior Court alleged that the board "erred in reversing the decision of the appeals referee because the board misapplied the law to the facts of this particular case and its decision is arbitrary, capricious and an abuse of its discretion."

require us to ascertain and give effect to the apparent intent of the legislature. . . . To determine the intent of the legislature, we first consider whether the statutory language yields a plain and unambiguous resolution. . . . If the words are clear and unambiguous, it is assumed that [they] express the intention of the legislature . . . and we need inquire no further. . . . The words of a statute must be interpreted according to their ordinary meaning unless their context dictates otherwise." (Citations omitted; internal quotation marks omitted.) *State* v. *Mattioli*, 210 Conn. 573, 576, 556 A.2d 584 (1989); see also General Statutes § 1-1(a).

Section 31-249c gives the board the right to intervene "in *any* proceeding . . . before a reviewing court." (Emphasis added.) The use of the word "any" in this section indicates a clear legislative intent not to limit the right to intervene in appeals to the Superior Court. This conclusion is supported by the provision in § 31-249b allowing for "[a]n appeal [to] be taken from the decision of the superior court to the appellate court . . . ." Because the language of § 31-249c is clear and unambiguous, we conclude that the legislature intended the board to have the right to intervene in appeals to the Superior Court and to this court.

We note that the legislative history can be read to support a more limited scope of the statute to allow the board to intervene in only those cases where its interests are adverse to or more significant than those of the administrator. Conn. Joint Standing Committee Hearings, Labor and Public Employees, Pt. 3, 1991 Sess., pp. 967–68. Because our interpretation of § 31-249c, however, must be guided by the unambiguous language of the statute, which extends the statutory scope to "any proceeding . . . before a reviewing court," the legislature must alter this construction should our con-

clusion be contrary to legislative intent. *Enquist* v. *General Datacom*, 218 Conn. 19, 25, 587 A.2d 1029 (1991).

In this case, the board has moved to intervene as a defendant. In an appeal before this court, however, the board would be either an appellant or an appellee. Because the board seeks to challenge the Superior Court's decision, we presume the board intends to intervene as an appellant.

The motion to intervene is granted and the board is granted permission, sua sponte, to file an intervenor-appellant's brief.