[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED MARCH 6, 1997
On September 10, 1996, the plaintiff, Catholic Cemeteries Association of the Archdiocese of Hartford, Inc., filed a two count complaint against the defendant, Leo Belval, the chief building official of the town of Manchester, Connecticut. According to the plaintiff, it owns a 27.34 acre cemetery known as the St. James Cemetery in Manchester. This cemetery was established and placed in operation in 1869, and has remained in operation since that date. On January 2, 1996, pursuant to General Statutes § 19a-310, the plaintiff filed an application with the State of Connecticut Department of Public Health requesting approval for the construction of a mausoleum within the confines of the St. James Cemetery. On January 11, 1996, the plaintiff filed plans and specifications prepared by its engineers and architects with its application for approval. The Department of Public Health approved construction of the mausoleum on February 1, 1996.
On April 17, 1996, the plaintiff's submitted an application for a building permit to the town of Manchester for construction of the mausoleum along with the final plans and specifications for the building, and the Department of Public Health's approval. The defendant, as the chief building inspector for the town of Manchester, however, failed to issue the permit. The plaintiff claims that it possesses a right to this permit since it has satisfied its obligations under § 19a-310, and, therefore, it seeks a mandamus ordering the defendant to issue the permit in count one of the complaint. In count two, the plaintiff seeks a temporary mandamus. CT Page 2675
On December 18, 1996, the defendant filed a motion to dismiss and a motion for summary judgment. In support of its motion to dismiss, the defendant argues that the plaintiff is required to first apply for approval from the town of Manchester's zoning commission before a building permit may be issued. Therefore, the defendant argues that the plaintiff has failed to exhaust its administrative remedies. In support of its motion for summary judgment, the defendant argues that the requested mandamus may not be entered because the defendant may not issue the building permit without prior approval from the zoning commission.
On December 19, 1996, the plaintiff filed a motion for summary judgment seeking judgment on its complaint. The plaintiff argues that § 19a-310 does not require the plaintiff to seek approval from the town's zoning commission. According to the plaintiff, it only needs to obtain the approval of the Department of Public Health, and, if this approval is obtained, the building inspector must issue the building permit.
The issue in this case is whether the plaintiff is required to obtain the approval of the town of Manchester's zoning commission before the defendant can issue the building permit. If such approval is required, then the plaintiff has failed to exhaust its administrative remedies, and, the defendant's motion to dismiss should be granted. If, however, such approval is not necessary, the motion to dismiss should be denied, since exhaustion of remedies would not be an issue. Furthermore, if the plaintiff is not required to obtain the zoning commission's approval then the plaintiffs motion for summary judgment should be granted since the plaintiff has met all of the requirements contained in § 19a-310.
Section 19a-310 provides, "[n]o person shall construct any vault, crypt, columbarium or mausoleum for public use, wholly or partially above the surface of the ground, to be used to contain the body of any dead person (1) unless the same is located within the confines of an established cemetery containing not less than five acres, which cemetery has been in existence and operation for a period of at least five years immediately preceding the time of the erection thereof, or (2) if located within a cemetery containing less than five acres, such location has been approved by the selectmen of any town, the mayor and council or board of aldermen of any city and the warden and burgesses of any borough; except that in any town, city or borough having a zoning commission or combined planning and zoning commission, such CT Page 2676 commission shall have the authority to grant such approval; nor until plans and specifications for such vault, crypt, columbarium or mausoleum are approved by the department of public health and addiction services and a fee of one thousand dollars is paid to the department of public health and addiction services for its review and approval of such plans and specifications, provided a columbarium which is used solely as a repository for the remains, after cremation, of deceased persons and is located on the premises of any religious society or corporation shall not be subject to the provisions of this section." Since the St. James Cemetery is larger than 5 acres, the plaintiff argues that the phrase in subdivision (2) of § 19a-310 stating that the town zoning commission possesses the authority to grant approval of the construction does not apply to it. The plaintiff argues that subdivision (1) of § 19a-310 applies and that this subdivision does not provide the zoning commission with any authority to approve the construction of mausoleums.
"The fundamental objective of statutory construction is to ascertain and give effect to the apparent intent of the legislature." Concept Associates, Ltd. v. Board of Tax Review ofthe Town of Guilford, 229 Conn. 618, 622 (1994). "In seeking to discern that intent, we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation."Wisniowski v. Planning Commission, 37 Conn. App. 303, 312 (1995). "If the words are clear and unambiguous it is assumed that [they] express the intention of the legislature . . . and we need inquire no further." Chauez v. Administrator, UnemploymentCompensation Act, 39 Conn. App. 441, 443 (1995). "When the language of a statute is reasonably subject to diverse interpretations . . . we look to the statute's legislative history and the policy it was designed to implement to ascertain and give effect to the apparent intent of the legislature."Mercado v. Commissioner of Income Maintenance, 222 Conn. 69, 74
(1992).
Subdivision (2) of section 19a-310 provides the zoning commission with the authority to grant the approval for the construction of mausoleums in cemeteries containing less than 5 acres of land. This portion of the statute provides that no mausoleum shall be constructed "if located within a cemetery containing less than five acres, [sic] such location has beenapproved by the selectmen of any town, the mayor and council or CT Page 2677 board of aldermen of any city and the warden and burgesses of any borough: except that in any town, city or borough having a zoning commission or combined planning and zoning commission, such commission shall have the authority to grant such approval . . ." (Emphasis added.) "The word such has been construed as a related adjective referring back to and identifying something previously spoken of and that it naturally, by grammatical usage, refers to the last precedent." Bahre v. Hogbloom, 162 Conn. 549, 556
(1972). The phrase "such commission shall have the authority to grant such approval" relates back to the approval that must be granted in cases where a person wishes to build a mausoleum on a parcel of land containing less than 5 acres. This phrase does not relate back to subdivision (1) of § 19a-310 because that subdivision does not contain the word approval or any such approval requirement. Therefore, the language of the statute indicates that the zoning commission has the authority to grant approval only in those cases where the mausoleum is to be built on an area of less than 5 acres.
Moreover, the legislative history of § 19a-310 supports the conclusion that the zoning commission does not have the authority to grant approval in cases where a mausoleum is to be built on an area of land consisting of more than five acres. Senator O'Leary (former Senate Majority Leader), in commenting on the bill that added subdivision (2) to § 19a-310 stated "This [amendment] is to clarify what the requirements were for locating a mausoleum in a cemetery. It previously had been understood that above the five acre cemetery it wasn't necessary to go through the zoning commission. The statute has been unclear [on] that. This clarifies that above five acres, it's unnecessary." 30 S. Proc., Pt. 9, 1987 Sess., p. 3165. Accordingly, the legislature has indicated that if the cemetery is larger than five acres, the zoning commission does not have the authority to grant approval of the construction of the mausoleum. See also 300 PRW Assoc. v.Planning Zoning Commission, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 288554, 7 CONN. L. RPTR. 400 (September 21, 1992, Cocco, J.) (stating that § 19a-310 "exempts burial sites located on the premises of any religious society or corporation from the zoning approval requirements listed therein").
The defendant's motion to dismiss (or for summary judgment) is denied.
In the present case the documents demonstrate that the CT Page 2678 plaintiff has complied with the requirements set forth in § 19a-310. Accordingly, the plaintiff possesses a right to build its mausoleum on its cemetery. To grant a mandamus, the plaintiff must demonstrate that it "has a clear right to performance of a particular duty by a governmental entity or an official. (2) the defendant has no discretion in the performance of that duty, and (3) no other sufficient remedy at law exists." Caltabiano v.Phillips, 23 Conn. App. 258, 263-64 (1990). Since the plaintiff has a right to build its mausoleum and because it cannot obtain the building permit in any other manner, the court grants the plaintiff's motion for summary judgment and enters a mandamus ordering the defendant to issue the building permit.
FREEDMAN, J.