BRIDGEPORT FIREFIGHTERS ASSOCIATION, IAFF,
LOCAL 834 *v.* CITY OF BRIDGEPORT ET AL.
(AC 16765)

Lavery, Dupont and Daly, Js.

Argued January 23—officially released May 12, 1998

*J. William Gagne, Jr.*, with whom, on the brief, was
*P. Jo Anne Burgh*, for the appellant (plaintiff).

*John P. Bohannon, Jr.*, associate city attorney, for
the appellees (defendants).

*Opinion*

DALY, J. The plaintiff, Bridgeport Firefighters Associ-
ation, IAFF, Local 834 (union), appeals from the deci-
sion of the trial court denying the union's application
to vacate the second arbitration panel's award.[1] The
union claims that the trial court improperly refused to
vacate the award on the ground that the second panel

---

[1] A first arbitration panel issued a written award that was rejected by the
city. Subsequently, a second arbitration panel was appointed, which issued
a second award.

failed to conform to the requirements of General Statutes § 7-473c (d) (1).[2] The sole issue in this appeal is whether each member of the second panel failed to state the specific reasons and standards used in making his choice on each unresolved issue, thereby exceeding the second panel's powers or so imperfectly executing them that a final and definite award was not made.

The following relevant facts are not in dispute. The union and the city of Bridgeport were parties to a collective bargaining agreement that expired on June 30, 1992. The parties' efforts to negotiate a new agreement were unsuccessful and binding arbitration was imposed. See General Statutes § 7-473c (b).

On December 30, 1994, a first arbitration panel issued a written award that was rejected by the city on January 25, 1995. Subsequently, a second arbitration panel was appointed, which issued a second award on March 11, 1995.

Thirty issues were presented to the panel, which stated in its report: "Each member of the panel has reviewed the record of the evidence presented to the first panel, the City's statement of reasons for rejection of the award and the Union's response. . . . The panel discussed the record and written responses and arrived at the hereafter set out Award, applying the criteria of subdivision (2) of Section 7-473c (d) of the Connecticut General Statutes, which reads as follows: 'In arriving at a decision the arbitration panel shall give priority to the public interest and the financial capability of the municipal employer, including consideration of other demands on the financial capability of the municipal employer. The panel shall further consider the following factors in light of such financial capability: (A) The

---

[2] General Statutes § 7-473c (d) (1) provides in relevant part: "[E]ach member shall state the specific reasons and standards used in making his choice on each unresolved issue. . . ."

negotiations between the parties prior to arbitration; (B) the interests and welfare of the employee group; (C) changes in the cost of living; (D) the existing conditions of employment of the employee group and those of similar groups; and (E) the wages, salaries, fringe benefits, and other conditions of employment prevailing in the labor market, including developments in private sector wages and benefits.'

*"The decisions on the individual issues hereinafter set out are the decisions agreed to by all members of the panel. The specific reasons given and standards used in said decisions are adopted by all members of the panel."* (Emphasis added.)

Each issue determination concluded with a statement in the report: "Based on a preponderance of the evidence submitted by the parties and giving priority to the public interest and financial capability of the City, and considering the other statutory factors in light of the financial capability of the City of Bridgeport and the public interest, the offer of the [city or union] is awarded by the arbitration panel."

On April 10, 1995, the union filed an application to vacate the second award on the ground that the second panel failed to comply with the mandates of § 7-473c (d) (1). The union claimed that the second panel exceeded its powers or so imperfectly executed them that it did not conform to the statutory requirements and that one panel member was partial. The trial court denied the union's application and this appeal followed.

"Arbitration is favored by courts as a means of settling differences and expediting the resolution of disputes. . . . There is no question that arbitration awards are generally upheld and that we give great deference to an arbitrator's decision since arbitration is favored as a means of settling disputes. . . . The

party challenging the award bears the burden of producing evidence sufficient to invalidate or avoid it, and only upon a showing that it falls within the proscriptions of § 52-418[3] of the General Statutes, or procedurally violates the parties' agreement will the determination of an arbitrator be subject to judicial inquiry." (Citations omitted; internal quotation marks omitted.) *Vincent Builders, Inc.* v. *American Application Systems, Inc.*, 16 Conn. App. 486, 488, 547 A.2d 1381 (1988), cert. denied, 210 Conn. 809, 556 A.2d 608 (1989).

"A fundamental tenet of statutory construction is that statutes are to be considered to give effect to the apparent intention of the lawmaking body. . . . When the words of a statute are clear and unambiguous, we assume that the words themselves express the legislature's intent and there is no need to look further for interpretive guidance. . . . Where there is ambiguity in the statute, however, we ascertain the actual intent by looking to the language of the statute itself, its legislative history, the circumstances surrounding its enactment and its purpose." (Citations omitted; internal quotation marks omitted.) *Winchester Woods Associates* v. *Planning & Zoning Commission*, 219 Conn. 303, 309–10, 592 A.2d 953 (1991). " 'The words of a statute must be interpreted according to their ordinary meaning unless their context dictates otherwise.' " *Chavez* v. *Administrator, Unemployment Compensation Act*, 39 Conn. App. 441, 443, 664 A.2d 825 (1995).

"Other equally compelling principles of statutory construction, however, require us to construe a statute in

---

[3] General Statutes § 52-418 (a) provides in relevant part: "Upon the application of any party to an arbitration, the superior court for the judicial district in which one of the parties resides or, in a controversy concerning land, for the judicial district in which the land is situated or, when the court is not in session, any judge thereof, shall make an order vacating the award if it finds any of the following defects . . . (4) if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made."

a manner that will not thwart its intended purpose or lead to absurd results. . . . We must avoid a construction that fails to attain a rational and sensible result that bears directly on the purpose the legislature sought to achieve. . . . If there are two possible interpretations of a statute, we will adopt the more reasonable construction over one that is unreasonable." (Citations omitted.) *Turner* v. *Turner*, 219 Conn. 703, 712–13, 595 A.2d 297 (1991).

In the present case, it is not a rational interpretation of the statute to require each panel member to set forth the specific reasons and standards used in making his choice on all thirty issues where the report from the panel indicates that the specific reasons given and standards used were agreed to by *all* members of the panel. To have each member set forth his views individually is not a rational requirement if the same result can be accomplished by reporting what all the members agreed to, rather than setting them forth individually. It would be unreasonable to require each panel member to set forth his views even when his views are consistent with those of his colleagues. We hold that the award complied with § 7-473c (d) (1).

We conclude that the trial court properly refused to vacate the arbitration award.

The judgment is affirmed.

In this opinion the other judges concurred.