[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: APPLICATION FOR ORDER TO PROCEED WITH ARBITRATION (DOCKET ENTRY NO. 108)
The plaintiff, Dorothy McGee, files this application for order to proceed with arbitration pursuant to a policy issued by the defendant insurance company, The Hartford, to the city of Bridgeport.
McGee alleges the following facts. McGee was a passenger in a school bus owned by the city of Bridgeport when the bus was struck by an uninsured vehicle, causing her injury. At the time of the accident, the city was covered by a fleet insurance policy issued by The Hartford, wherein The Hartford agreed to pay all sums an insured would be legally entitled to recover as damages from the owner or operator of an uninsured vehicle. The policy also provided that, absent an agreement between the parties, the insured could demand settlement through binding arbitration.
McGee notified The Hartford of the accident and of her intention to file a claim seeking payment of uninsured motorist benefits pursuant to the city's policy. However, the parties could not agree on McGee's right to recover or on the amount of recovery. McGee accordingly filed the present complaint on January 25, 1999. The Hartford filed an answer and three special defenses on January 18, 2000. Eight days later, McGee filed a reply. McGee subsequently demanded arbitration and the defendant CT Page 5273 refused. McGee filed this application for order to proceed with arbitration on February 1, 2000.
McGee takes the position that she has complied with all of the requirements for bringing an uninsured motorist claim pursuant to the city's policy and that, because the parties cannot agree, she is entitled to arbitration. The Hartford replies that McGee waived her right to arbitration when she initiated her civil lawsuit in January, 1999.
General Statutes § 52-408 provides in relevant part: "An agreement in any written contract . . . to settle by arbitration any controversy thereafter arising out of such contract, or out of the failure or refusal to perform the whole or any part thereof . . . shall be valid, irrevocable and enforceable, except when there exists sufficient cause at law or in equity for the avoidance of written contracts generally."
"Arbitration is favored by courts as a means of settling differences and expediting the resolution of disputes." (Internal quotation marks omitted.) Bridgeport Firefighters Assn.v. Bridgeport, 48 Conn. App. 667, 669, 711 A.2d 1188 (1998)
However, "an arbitration clause may be waived by the parties or by the one entitled to its benefit." (Internal quotation marks omitted.) Stevens v. Hartford Accident Indemnity Co.,39 Conn. App. 429, 436, 664 A.2d 826 (1995). A waiver may be triggered by unjustifiable delay in seeking arbitration or by going to trial without insisting upon the arbitration condition. See WaterburyTeachers Assn. v. Waterbury, 164 Conn. 426, 435, 324 A.2d 267
(1973). Although an important consideration in determining the existence of a waiver is whether the delay prejudices the opposing party; see People's Securities, Inc. v. Rizzardi,
Superior Court, judicial district of Fairfield at Bridgeport, Docket Nos. 276023 and 275713 (December 20, 1990. Hodgson, J.) (3 Conn.L.Rptr. 166); "[t]he essential question is whether, under the totality of circumstances, the . . . [party claiming arbitration] has acted inconsistently with the arbitration right." (Internal quotation marks omitted.) Stevens v. HartfordAccident Indemnity Co., supra, 39 Conn. App. 436.
In People's Securities, Inc. v. Rizzardi, supra,3 Conn. L. Rptr. 166, the plaintiff invoked an arbitration clause more than ten months after commencing a civil lawsuit. See id. In finding for the plaintiff, the court determined that the lawsuit had made little progress despite the passage of CT Page 5274 ten months, that discovery had not been extensive and that the information obtained through discovery could also be used in the arbitration proceeding. See id. The court thus concluded that the goal of expeditious adjudication would be better served through arbitration, since the plaintiff had invoked it early enough to obtain its recognized advantages. See id. However, in Waterbury Teachers Assn. v. Waterbury,
supra, 164 Conn. 426, where the plaintiff did not request arbitration until trial proceedings were nearly completed, the court found waiver.
In the present case, McGee requested arbitration within one year of filing her civil lawsuit, but here, as inPeople's Securities, the action has not yet gone to trial and The Hartford does not claim that it has undertaken extensive discovery. Therefore, McGee's delay in seeking arbitration has not caused any apparent prejudice to the opposing party; see People's Securities, Inc. v. Rizzardi, supra,3 Conn. L. Rptr. 166; and, under the totality of circumstances, McGee has not acted inconsistently with the arbitration right. SeeStevens v. Hartford Accident Indemnity Co., supra,39 Conn. App. 436. Moreover, public policy strongly favors the efficient resolution of disputes through arbitration. SeeBridgeport Firefighters Assn. v. Bridgeport, supra,48 Conn. App. 669; see also L R Realty v. Connecticut National Bank,246 Conn. 1, 12, 715 A.2d 748 (1998). Accordingly, the court finds that McGee has not waived her right to arbitration by commencing a civil lawsuit.
Accordingly, the plaintiff's application for order to proceed with arbitration is granted.
SKOLNICK, J.