[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Tricia Scalzi, filed a one count, amended complaint against the defendant, Joseph Hesse, Inc. The complaint alleged that the plaintiff, while a patron at the Corner Pocket Cafe, an establishment owned by the defendant, fell as a result of a wet substance on the floor and sustained an injury to her leg. The defendant filed an answer, denying the allegations of the complaint and raising the contributory negligence of the plaintiff as a special defense. While the civil action was pending, the parties entered a written agreement to submit the matter CT Page 1912 to binding arbitration. The written submission was what is commonly called a high/low arbitration. The agreement provided that "[i]n the event that the amount ordered by the [a]rbitrator to be paid is . . . less than $10,000.00, [the defendant] will be obligated to pay only $10,000.00 [and if the amount is] . . . greater than $70,000.00, [the defendant] will be obligated to pay, and the plaintiff is entitled to recover, only the sum of $70,000.00." The agreement also explicitly provided that "[t]he Arbitrator will decide the issue of liability, damages and collateral sources." (Emphasis added.)
After the hearing before the arbitrator, a decision was issued, finding liability in favor of the defendant. An articulation of decision was later filed by the arbitrator. In the articulation, the arbitrator found that no evidence was offered showing either that the wet condition on the floor was created by the defendant or that, if not created by the defendant, the defendant had notice of the condition. Due to the lack of evidence submitted, the arbitrator found liability in favor of the defendant.
The plaintiff has moved to vacate the arbitrator's decision. In her motion, the plaintiff cites no specific grounds as the legal basis for the court to vacate the award. The motion merely states that the decision of the arbitrator violated the conditions and spirit of the arbitration agreement. At oral argument, the plaintiff reiterated the identical argument but also stated that she felt that the arbitrator imperfectly discharged his duties. The plaintiff's position is that the parties anticipated that the arbitrator would give an award to the plaintiff rather than find no liability on behalf of the defendant. The plaintiff has filed a copy of the written agreement of submission, the decision of the arbitrator and the articulation. The defendant has filed a memorandum in opposition. The court has heard argument from both parties.
Arbitration is favored by courts as a means of settling differences and of expediting the resolution of disputes. Courts give great deference to an arbitrator's decision since arbitration is favored. BridgeportFirefighters Assn. v. Bridgeport, 48 Conn. App. 667, 669, 711 A.2d 1188
(1998). In general, "[a]bsent a showing of perverse misconstruction [of the law] or positive misconduct . . . the arbitrator's determination is not subject to judicial inquiry." (Citations omitted.) Clairol, Inc. v.Enertrac Corp., 44 Conn. App. 506, 512, 690 A.2d 418, cert. denied,241 Conn. 906, 695 A.2d 537 (1997).
When a court is asked to review or, as in this case, to vacate, the decision of an arbitrator, "[t]he court must first determine the standard it is required to apply in reviewing the decision. . . . This inquiry hinges on whether the arbitration was voluntary or compulsory, and, if CT Page 1913 voluntary, whether the submission was restricted or unrestricted. If the parties engaged in voluntary arbitration, the trial court's standard of review, provided that the submission was unrestricted, would be limited to whether the award conformed to the submission." Connecticut Ins.Guaranty Assn. v. Zasun, 52 Conn. App. 212, 221, 725 A.2d 406 (1999). In this case, the parties voluntarily submitted their pending personal injury matter to arbitration. There was no statutory or contractual provision compelling the parties to submit this matter to arbitration. The parties freely decided to resolve this matter through arbitration. As the court finds that the parties voluntarily submitted this matter to arbitration, the court next looks to whether the submission was restricted or unrestricted.
The court must examine the parties written submission, or the agreement to arbitrate. The submission is the written agreement of the parties which defines the powers of the arbitrator and the parties are bound by the limits they have fixed in their agreement. See Cashman v. Sullivan Donegan, P.C., 23 Conn. App. 24, 27, 578 A.2d 167 (1990). "In determining whether a submission is unrestricted, [the court looks] at the authority of the arbitrator. The authority of an arbitrator to adjudicate the controversy is limited only if the agreement contains express language restricting the breadth of issues, reserving explicit rights, or conditioning the award on court review. IA the absence of any such qualifications, an agreement is unrestricted." Perkins And Mario v.Annunziata, 45 Conn. App. 237, 239-40, 694 A.2d 1388 (1997). "Arbitration is a creature of contract and the parties themselves, by the terms of their submission, define the powers of the arbitrators." United StatesFidelity Guaranty Co. v. Hutchinson, 244 Conn. 513, 519, 710 A.2d 1343
(1998).
Paragraph four of the written submission, the parties' agreement to arbitrate, states that "[t]he [a]rbitrator will decide the issue of liability, damages and collateral sources." The agreement contains no limiting, reserving, restricting or conditional language in defining the authority of the arbitrator. The court, therefore, finds that the submission to the arbitrator in this matter was both voluntary and unrestricted.
"Under an unrestricted submission, the arbitrators' decision is considered final and binding; thus the courts will not review the evidence considered by the arbitrators nor will they review the award for errors of law or fact. Such a limited scope of judicial review is warranted given the fact that the parties voluntarily bargained for the decision of the arbitrator and, as such, the parties are presumed to have assumed the risks of and waived objections to that decision." (Citations omitted.) American Universal Ins. Co. v. DelGreco, 205 Conn. 178, 186, CT Page 1914530 A.2d 171" (1987) "Judicial review of unrestricted submissions is limited to a comparison between the submission and the award to see whether, in accordance with the powers conferred upon the arbitrators, their award conforms to the submission." Connecticut Ins. Guaranty Assn.v. Zasun, supra, 52 Conn. App. 229. The party challenging an arbitration award bears the burden of demonstrating that the award violates the parties' agreement. Hartford v. IAFF, Local 760, AFL-CIO, CLC,24 Conn. App. 254, 257, 587 A.2d 435 (1991)
"A proceeding to vacate an arbitration award is not a civil action, but is rather a special statutory proceeding." (Citations omitted.) MiddlesexIns. Co. v. Castellano, 225 Conn. 339, 344, 623 A.2d 55 (1993).[1] The court is limited, in deciding whether to vacate an arbitration award, to three grounds recognized by Connecticut courts: "(1) the award rules on the constitutionality of a statute; (2) the award violates clear public policy; or (3) the award contravenes one or more of the statutory proscriptions of [General Statutes] § 52-418." (Citations omitted.)Perkins And Mario v. Annunziata, supra, 45 Conn. App. 240. The award by the arbitrator in this matter neither involves the constitutionality of a statute nor violates a clear public policy. The court will, therefore, examine the grounds stated in General Statutes § 52-418.
The section provides that a judge "shall make an order vacating the [arbitrator's] award if it finds any of the following defects: (1) If the award has been procured by corruption, fraud or undue means; (2) if there has been evident partiality or corruption on the part of any arbitrator; (3) if the arbitrators have been guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown or in refusing to hear evidence pertinent and material to the controversy or of any other action by which the rights of any party have been prejudiced; or (4) if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made." There has been no claim or evidence of corruption, fraud, undue means, partiality, misconduct or an action by the arbitrator in excess of his powers. The only claim raised by the plaintiff is that the arbitrator imperfectly executed his powers by finding no liability on behalf of the defendant. The submission of the parties, however, expressly empowers the arbitrator to decide the issue of liability. If an arbitrator is to decide the issue of liability; one of the potential outcomes is that he may decide that there is no liability.
The court must "make every reasonable presumption in favor of the arbitration award and the arbitrator's acts and proceedings." (Citations omitted.) New Haven v. AFSCME, Council 15, Local 530, 208 Conn. 411,417, 544 A.2d 186 (1988). Absent one of the specific reasons for vacating an arbitrator's award, the arbitrator's decision is considered final and CT Page 1915 binding. A court will not review the evidence considered by the arbitrator nor will it review the award for errors of law or fact.American Universal Ins. Co. v. DelGreco, supra, 205 Conn. 186.
The court has no legal basis to vacate the decision of the arbitrator. The award of the arbitrator conforms to the submission of the parties in that the parties asked the arbitrator to decide, inter alia, the issue of liability. The plaintiff's motion to vacate the decision of the arbitrator is denied. The award is confirmed. See Ramos Iron Works v.Franklin Construction Co., 174 Conn. 583, 592, 392 A.2d 461 (1978).
The Court
 By ___________________ Moran, J.