******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

AMERICAN FEDERATION OF STATE, COUNTY AND
MUNICIPAL EMPLOYEES, COUNCIL 4, LOCAL
1303-385 *v.* TOWN OF WESTPORT
DEPARTMENT OF PUBLIC
WORKS ET AL.
(AC 35278)

Alvord, Prescott and Harper, Js.

*Argued May 14—officially released July 8, 2014*

(Appeal from Superior Court, judicial district of
Stamford-Norwalk, Hon. A. William Mottolese, judge
trial referee.)

*J. William Gagne, Jr.*, with whom, on the brief, was *Kimberly A. Cuneo*, for the appellant (plaintiff).

*Warren L. Holcomb*, for the appellee (named defendant).

*Opinion*

ALVORD, J. The plaintiff, American Federation of State, County and Municipal Employees, Council 4, Local 1303-385 (union), appeals from the judgment of the trial court denying its application to vacate an arbitration award. On appeal, the union claims that the court should have vacated the award because (1) the arbitration panel failed to comply with the requirements of General Statutes § 7-473c (d) (6) and (9), and (2) the award violated public policy. We affirm the judgment of the trial court.

The following facts are relevant to the union's appeal. The union and the defendant Town of Westport Department of Public Works (town),[1] are parties to a collective bargaining agreement and entered into negotiations for a successor agreement. Because the parties were at an impasse, the State Board of Mediation and Arbitration imposed binding arbitration pursuant to the provisions of the Municipal Employees Relations Act (MERA), General Statutes § 7-460 et seq. A three member arbitration panel was selected to hear and decide the parties' disputes. After a six day evidentiary hearing, the union and the town each submitted their last best offers on several unresolved issues and filed posthearing briefs. The panel members subsequently met in two executive sessions to deliberate, and they issued the arbitration award on March 20, 2012.

In its twenty-seven page award, the panel first provided an introduction in which the panel discussed the procedural history of the mandated arbitration. The concluding sentence in that introduction stated: "The agreed-upon language submitted to the panel is incorporated and made a part of this award." The section immediately following the introduction set forth the statutory factors that the panel was required to consider in reaching its decision: "[T]he arbitration panel shall give priority to the public interest and the financial capability of the municipal employer, including consideration of the demands on the financial capability of the municipal employer. The panel shall further consider the following factors in light of such financial capability: (A) The negotiations between the parties prior to arbitration . . . (B) the interest and welfare of the employee group . . . (C) changes in the cost of living . . . (D) the existing conditions of employment of the employee group and those of similar groups; and . . . (E) the wages, salaries, fringe benefits, and other conditions of employment prevailing in the labor market, including developments in private sector wages and benefits."[2]

The panel then discussed each unresolved issue. After presenting the town's position and the union's position, including their last best offers and the evidence presented over the course of the six day hearing, the panel indicated which last best offer it had decided

to accept. For most of the issues, the majority of the panel members accepted the last best offer of the town. The town-appointed arbitrator and the neutral arbitrator were in agreement on all of the issues, whereas the union-appointed arbitrator uniformly dissented.[3] For example, with respect to issue one, related to emergency call-in provisions in the collective bargaining agreement, the concluding paragraph in the award provided: "It appears that the Town's proposal is both practical and reasonable and only applies in emergency situations. Therefore, after reviewing all of the information received by the arbitration panel, in light of the statutory criteria, the last best offer of the Town for Issue 1 is accepted. The Town appointed Arbitrator agrees with the Neutral Arbitrator, based upon the same statutory criteria, and the Union appointed Panel Member dissents on the selection of the last best offer of the Town for Issue 1 based on the same statutory criteria."

On April 16, 2012, the union filed an application to vacate the arbitration award pursuant to General Statutes § 52-418.[4] The union alleged that the panel "exceeded its power[s] or so imperfectly executed them such that a mutual, final and definite award upon the subject matter was not made" and that "[t]he award [was] against public policy." The union, in its prehearing brief, more specifically claimed that the award was deficient because each panel member did not state the specific reasons, factors considered or standards used in making his choice of a party's last best offer on each unresolved issue. The trial court determined: "[T]he present case is controlled squarely by *Bridgeport Firefighters Assn.*, *IAFF*, *Local 834* v. *Bridgeport*, [48 Conn. App. 667, 711 A.2d 1188 (1998)] and thus [this court's] task is to determine whether the conduct of the arbitrators is sufficiently similar to that of the arbitrators in *Bridgeport* so as to entitle it to the same result." The court concluded that there was "no functional difference" between the conduct of the two panels and, additionally, concluded that the award did not violate public policy. Accordingly, the court denied the union's application to vacate the arbitration award. This appeal followed.

I

The union's first claim is that the arbitration panel failed to comply with the requirements of § 7-473c (d) (6) and (9). We begin by setting forth the legal principles that guide our analysis. "The mandatory binding arbitration that is authorized by MERA does not permit the arbitration panel to exercise the broad discretion normally associated with consensual arbitration. Section 7-473c (d) limits the discretion of the arbitration panel in two significant respects. First, with regard to any issue that the parties have not been able to resolve themselves, the statute confines the discretion of the arbitration panel to a choice between the last best offer

of one party or another. . . . Second, in the exercise of a choice between one or another last best offer, the arbitration panel must give priority to the public interest and the financial capability of the municipal employer . . . ." (Citations omitted; internal quotation marks omitted.) *International Brotherhood of Police Officers, Local 564* v. *Jewett City*, 234 Conn. 123, 132, 661 A.2d 573 (1995).

Questions of law decided by arbitrators in compulsory arbitration proceedings are subject to de novo review. See *Aetna Life & Casualty Co.* v. *Bulaong*, 218 Conn. 51, 58, 588 A.2d 138 (1991). Whether the panel's award comports with the statutory requirements of § 7-473c (d) (6) and (9) involves a question of statutory construction, which requires our plenary review. See *Bloomfield* v. *United Electrical, Radio & Machine Workers of America, Connecticut Independent Police Union, Local 14*, 285 Conn. 278, 286, 939 A.2d 561 (2008). Accordingly, because this issue involves one of statutory construction, and because the arbitration was compulsory, our review is de novo. See *Gormbard* v. *Zurich Ins. Co.*, 279 Conn. 808, 816, 904 A.2d 198 (2006).

We agree with the trial court that *Bridgeport Firefighters Assn., IAFF, Local 834* v. *Bridgeport*, supra, 48 Conn. App. 667, controls the resolution of the union's claim in the present appeal. In *Bridgeport*, this court construed the language of § 7-473c, the same statute that is at issue in the present appeal. The sole issue on appeal in *Bridgeport* was "whether each member of the . . . panel failed to state the specific reasons and standards used in making his choice on each unresolved issue, thereby exceeding the . . . panel's powers or so imperfectly executing them that a final and definite award was not made." Id., 668.

In its award, the panel in *Bridgeport* stated: (1) the panel had reviewed the record of the evidence and the positions of the city and the union; (2) the members had arrived at the award by applying the statutory criteria of § 7-473c (d), which it then recited in the award; and (3) "[t]he decisions on the individual issues hereinafter set out are the decisions agreed to by all members of the panel. The specific reasons given and standards used in said decisions are adopted by all members of the panel." (Emphasis omitted; internal quotation marks omitted.) Id. Thirty issues had been presented to the panel in *Bridgeport*. Each issue determination by the panel concluded with the following statement: "Based on a preponderance of the evidence submitted by the parties and giving priority to the public interest and financial capability of the City, and considering the other statutory factors in light of the financial capability of the City of Bridgeport and the public interest, the offer of the [city or union] is awarded by the arbitration panel." (Internal quotation marks omitted.) Id., 669.

Applying the well settled principles of statutory con-

struction, this court in *Bridgeport* held as follows: "[I]t is not a rational interpretation of the statute to require each panel member to set forth the specific reasons and standards used in making his choice on all thirty issues where the report from the panel indicates that the specific reasons given and standards used were agreed to by *all* members of the panel. To have each member set forth his views individually is not a rational requirement if the same result can be accomplished by reporting what all the members agreed to, rather than setting them forth individually. It would be unreasonable to require each panel member to set forth his views even when his views are consistent with those of his colleagues. We hold that the award complied with § 7-473c (d) (1)."[5] (Emphasis in original.) Id., 671.

Here, the members of the panel recited the applicable statutory factors that they relied on in making their decisions, set forth the positions of the union and the town for each issue, and referred to the evidence relevant to those positions. At the end of each issue discussion, the panel stated that it had reviewed all of the information it had received and selected a particular last best offer in light of the statutory criteria. The panel expressly provided that the town-appointed arbitrator and the neutral arbitrator were in agreement "based upon the same statutory criteria" and that the union-appointed arbitrator dissented on the selection "based on the same statutory criteria." The reasoning and holding in *Bridgeport* is clearly applicable to the present case, and controls the resolution of the union's first claim.[6] We therefore conclude that the arbitration award complied with § 7-473c (d) (6) and (9).[7]

## II

The union's final claim is that the court should have vacated the arbitration award because it violated public policy. Specifically, the union argues that enforcement of the award would be illegal because (1) the award was not in compliance with § 7-473c[8] and (2) the award violated General Statutes § 7-450[9] because it diminished the employees' pension benefits.

"[I]t is well-understood that courts will not enforce an arbitration award if the award itself violates established law or seeks to compel some unlawful action. However, this rule, which is sometimes referred to as a public policy exception, is *extremely narrow*. . . . [I]t is plain . . . that an arbitration award may not be enforced if it transgresses well defined and dominant laws and legal precedents. It is also clear . . . that judges have no license to impose their own brand of justice in determining applicable public policy; thus, the exception applies only when the public policy emanates from clear statutory or case law . . . ." (Emphasis in original; internal quotation marks omitted.) *Marlborough* v. *AFSCME, Council 4, Local 818-052*, 309 Conn. 790, 803, 75 A.3d 15 (2013). In both the trial court and this

court, the proper scope of review for a colorable claim that an award violated public policy is plenary. See *HH East Parcel, LLC* v. *Handy & Harman, Inc.*, 287 Conn. 189, 196, 947 A.2d 916 (2008). Additionally, whether the panel's award violated § 7-450 involves a question of statutory construction, which also requires our plenary review. See *Bloomfield* v. *United Electrical, Radio & Machine Workers of America, Connecticut Independent Police Union, Local 14*, supra, 285 Conn. 286.

The trial court determined, and we agree, that the unambiguous language of § 7-450 is not applicable under the circumstances of this case. The trial court concluded that "the text of the statute makes it clear that it applies only where a municipality acts by ordinance, or alternatively by resolution, to establish a pension benefits system or to amend a special act pertaining to such system." (Internal quotation marks omitted.) See footnote 9 of this opinion. Here, the changes made to the pension agreement were made through the collective bargaining process under MERA, not by ordinance. Accordingly, the union's final claim has no merit.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] We note that the State Board of Mediation and Arbitration also was a defendant at trial but is not a party on appeal. We therefore refer in this opinion to the town as the defendant.

[2] This section of the award, titled "Statutory Factors," tracks the language of § 7-473c (d) (9).

[3] See General Statutes § 7-473c (b) (2) regarding the procedure for the selection of the three arbitrators.

[4] General Statutes § 7-473c (d) (10) provides in relevant part: "The decision of the panel and the resolved issues shall be final and binding upon the municipal employer and the municipal employee organization . . . except that a motion to vacate or modify such decision may be made in accordance with sections 52-418 and 52-419."

General Statutes § 52-418 (a) provides in relevant part: "Upon the application of any party to an arbitration, the superior court . . . shall make an order vacating the award if it finds any of the following defects: (1) If the award has been procured by corruption, fraud or undue means; (2) if there has been evident partiality or corruption on the part of any arbitrator; (3) if the arbitrators have been guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown or in refusing to hear evidence pertinent and material to the controversy or of any other action by which the rights of any party have been prejudiced; or (4) if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made."

[5] Public Act 99-270 made technical changes to the statute and renumbered § 7-473c (d) (1) to § 7-473c (d) (6).

[6] The union attempts to distinguish *Bridgeport* on the ground that the panel's decision in that case was unanimous, whereas the panel in this case reached a split decision. We are not persuaded that this case is materially different from *Bridgeport* because the two majority arbitrators and the dissenting arbitrator expressly stated that they each considered the same statutory criteria. Thus, as in *Bridgeport*, a reviewing court knows that each individual arbitrator met his obligation to apply the required statutory criteria.

[7] The union, having failed to present any material distinctions between the facts of *Bridgeport* and the facts of this case, argued that the holding in *Bridgeport* was "erroneous" and that "it was not reviewed by the Supreme Court." We are bound by our own precedent. "[A]s we often have stated, this court's policy dictates that one panel should not, on its own, reverse the ruling of a previous panel. The reversal may be accomplished only if the appeal is heard en banc." (Internal quotation marks omitted.) *Three*

*Levels Corp.* v. *Conservation Commission*, 148 Conn. App. 91, 113, 89 A.3d 3 (2014).

[8] Because we have concluded that the arbitration award did comply with § 7-473c (d) (6) and (9), this claim by the union has no merit.

[9] General Statutes § 7-450 (a) provides in relevant part: "Any municipality or subdivision thereof may, *by ordinance*, or with respect to a municipality not having the authority to make ordinances, by resolution adopted by a two-thirds vote of the members of its legislative body, establish pension, retirement, or other postemployment health and life benefit systems for its officers and employees and their beneficiaries, or amend any special act concerning its pension, retirement, or other postemployment health and life benefit systems, toward the maintenance in sound condition of a pension, retirement, or other postemployment health and life benefit fund or funds, provided the rights or benefits granted to any individual under any municipal pension or retirement system shall not be diminished or eliminated. . . ." (Emphasis added.)