UNITED STATES DISTRICT COURT 
 DISTRICT OF CONNECTICUT 

UNITEDP laSiTntAifTfES SECURITIES AND EXCHANGE 
COMMISSION, Civil No. 3:15cv675 (JBA) 
 v. , 
 February 2, 2023 

 Defendant 
IFTIKAR AHMED, 
 , and 

IFTIKAR ALI AHMED SOLE PROP; I-CUBED 
DOMAINS, LLC; SHALINI AHMED; SHALINI 
AHMED 2014 GRANTOR RETAINED ANNUITY 
TRUST; DIYA HOLDINGS LLC; DIYA REAL 
HOLDINGS, LLC; I.I. 1, a minor child, by and 
through his next friends IFTIKAR and SHALINI 
AHMED, his parents; I.I. 2, a minor child, by and 
through his next friends IFTIKAR and SHALINI 
AHMED, his parents; and I.I. 3, a minor child, by and 
through his next friends IFTIKAR and SHALINI 
AHMEDR, ehliiesf p Daerfeenntdsa, nts 

 . 
RU LING DENYING MOTION TO FIND VIOLATION OF COURT ORDER AND TO ACCOUNT 

 FOR ALLEGEDLY FORFEITED ASSETS 
 Defendant Iftikar Ahmed seeks to have Oak Management Company (“Oak”) found in 
violation of the Court’s litigation stay order as a result of its motion in state court to confirm 
its arbitration award against Mr. Ahmed. [Doc. # 1703]. Oak denies that its state court motion 
violated this Court’s litigation stay, and argues that that its motion was within the scope of 
the Court’s initial lift of the stay permitting the arbitration to proceed against Mr. Ahmed. 
[Doc. # 1721]. 
 Separately, Mr. Ahmed also moves for the Court to either transfer assets he believes 
Oak forfeited to the SEC to the Receivership Estate or to offset the judgment by their value, 
arguing that Oak admitted in its response to his prior motion [Doc. # 1721] that it forfeited 
assets covered by the judgment to the SEC, and that the SEC has thus already received partial 
satisfaction of its judgment with those assets. [Doc. # 1725]. Both the SEC and Receiver assert 
that Mr. Ahmed’s motion is without merit and premised on a misunderstanding of Oak’s 
fi ling. [DDoisccsu. #ss#i o1n7 3 3, 1736]. 
 The Court assumes familiarity with the background of this case. Relevant to this 
motion, this Court entered a stay of “civil legal proceedings” to “obtain possession of 
property of the Receivership Estate” or “against any of the Defendants,” and enjoining the 
commencement or continuation of any such proceeding without leave of Court. (Order 
Appointing Receiver [Doc. # 1070].) On May 21, 2019, the Court lifted the litigation stay “for 
the limited purpose of permitting Oak to pursue the arbitration it seeks to bring against Mr. 
Ahmed” for fraud directed towards Oak funds. (Order Lifting the Litigation Stay [Doc. # 
1167] at 13.) Oak obtained an arbitration award against Mr. Ahmed in the amount of 
$56,673,513 plus interest; Mr. Ahmed filed a motion to vacate the arbitration award on 
September 22, 2020, and Oak cross-moved to confirm the award on December 8, 2020. 
(ReceivAe.r ’s ReMspootniosen atto 3 F.)i n d Oak in Violation of Court Order 

 Defendant argues that Oak is “in violation of this Court’s stay of litigation order and 
has affirmatively proceeded against Receivership Assets” because Oak made no separate 
request to move for confirmation of the award before doing so, and because allowing the 
 1 
proceedings to continue would implicate Receivership Assets. (Def.’s Mot. at 3.) Oak 
counters that cross-moving to confirm the arbitration award “does not amount to the filing 
of a new action” because in Connecticut, the confirmation of an arbitral award does not 
constitute a new and separate civil case that would be covered by the litigation stay. (Oak’s 
Response at 3.) Further, Oak points out that it was Mr. Ahmed who instituted the post-
arbitration proceedIidn.gs and prompted its cross-motion by filing his motion to vacate the 
arbitration award. ( ) As for the contention that the arbitration award will imperil forfeited 
assets, Oak represents that the damages Oak seeks, and that the arbitrator awarded, in the 
sItda.t e court case do not flow from the same cause of action as the SEC’s case in this matter. 
( at 4.) According to Receiver, Oak’s counsel has represented to him that it “has no 
intention of moving against Receivership Assets if the Award is confirmed a bsent leave of 
this Court or the termination of the Asset Freeze.” (Receiver’s Response at 4.)
 Oak is correct that “an apseppliacraattioen to confirm aDna asr vb. iRtroadtgioenrs award” is neither “a civil 
action” nor, “by definition . . . a civil action.” , 47 Conn. App. 242, 247 
(1997). Seeking to confirm an arbitration award is within the scope of “pursu[ing] the 
arbitration [Oak sought] to bring against Mr. Ahmed,” (Order Lifting the Litigation Stay at 
13) and does not violate the Court’s Order because “all that confirmation does is arm the 
already winning party in the arbitration with a variLeotyca lo f8 0r7e mLeadbioers- Mtog metn. fHorecaelt ht h&e 
jPuedngsmioenn Ftu—nadns dv,. Sbhyo wexttimenes ioonn t, hteh eP iearrsb, iLtrLaCtion award.” 
 , Docket No. 18-CV-3642 (ARR), 2019 U.S. Dist. 
LEXIS 7294, at *5 (E.D.N.Y. Jan. 14, 2019). 

1 
 Defendant’s motion also argued that the arbitration award should not be confirmed until 
his appeal ofS tehei sU Cnoiuterdt’ sS otardteesr Slieftciunrgi ttihese laitnidg aEtixocnh astnagye t oC opmerismsiiot nth ve. aArhbmitreadti on to proceed 
was decided by the Second Circuit. That argument is now moot, as the appeal has been 
withdrawn. , No. 19-2974, 
Order Approving Stipulation to Withdraw Appeal [Doc. # 230] (2d. Cir. Feb. 22, 2021.) 
 B. Motion to Account for Assets 

 The basis for the motion regarding the allegedly “forfeited” Oak assets is a misreading 
of Oak’s opposition to Defendant’s motion, in whincoht Oak stated that “the forfeited assets and 
damages obtained by the SEC in this action are the same damages that OMC sought or 
that the arbitrator awarded in the arbitration action.” (Oak’s Response at 4.) While Mr. 
Ahmed reads the phrase “obtained by” to imply that the SEC had affirmatively taken 
possession of Oak assets that were subject to the asset freeze entered by this Court, both the 
Receiver [Doc. # 1736] and the SEC [Doc. # 1733] have clarified in their responses that this 
is not so, and that the disputed statement is simply meant to distinguish the assets covered 
by the judgment in this case from the assets at issue in the separate arbitration. Given this 
cla rificaCtoionnc,l uDseifoennd ant’s motion is without merit. 
 For the reasons stated above, Defendant’s motions to find Oak in violation of court 
order [1703] and to account for Oak’s assets [1725] are DENIED. 
 IT IS SO ORDERED. 

 ______________/s/___________________________ 

 Janet Bond Arterton, U.S.D.J. 

 Dated at New Haven, Connecticut this 2nd day of February, 2023